J. L. SORRELL v. MRS. J. B. WOOD, et al.

Western Section. July 31, 1928.

No petition for Certiorari was filed.

W. H. Ward, of Dyersburg, for appellant.

L. Jere Cooper, of Dyersburg, for appellee.

SENTER, J. This is an appeal from the county court of Dyer county, by J. L. Sorrell, the petitioner, who sought to condemn a roadway from in front of his residence across a narrow strip of land to a hard-surface road. By the establishment of State Highway No. 20, which passes through Madison, Crockett and Dyer counties, the old road which ran in front of petitioner's home was abandoned as a public road. In order to straighten the road the new state highway did not follow the location of the old county road but in many places and at many points the course of the new road cut off portions of the old road. That portion of the old county road that ran along in front of complainant's residence and land, and on the line separating complainant's land from the lands now owned by defendants. After the location and construction of the new Highway No. 20 by the State, the old road was abandoned by the county as a public road, and as a result it has been neglected and but little used, practically used only

by the petitioner as a means of egress and ingress to and from his home and farm. The petitioner sought to condemn a right of way for road purposes from his home to the new hard-surface road, a distance about seventy-five yards long and thirty feet wide over the land of the defendants.

It appears that petitioner owned a small farm of twenty-five acres and on which he has a residence which immediately fronts on the old road. It further appears that since the building of the new road by the State the old road which passes in front of his house, having been abandoned by the county, has washed out into ditches and in places has become almost, if not entirely, impassable. It also appears that the old road would be very difficult and expensive to maintain by petitioner, and in order to reach the new highway by using the old road he would have to travel a considerable distance, nearly a mile one way in order to get onto the new road, and at the other end he would have to travel about 400 yards, or a quarter of a mile to get onto the new hard-surface road. It also appears that for the shorter distance of the old road from petitioner's home to the new road it passes through a deep cut, and by the erosions caused by rains and freezes and thaws, it would be expensive to maintain to a state of efficiency that it could be traveled by an automobile. In this situation the petitioner filed the petition to condemn the right of way across the lands of defendants for the short distance of about seventy-five yards to the new highway, which would afford to petitioner an easy, level and convenient and short means of ingress and egress to and from his home, and would relieve him of the expense of maintaining either end of the old road for a considerable distance as well as the inconvenience of having to travel the old dirt road in order to reach the hard-surface road which runs in front of his home and about seventy-five yards from his home.

The cause was tried before the special County Judge, and the petition was dismissed at the cost of petitioner, on the theory as stated by the special County Judge, that petitioner already had an adequate means of ingress and egress to his premises without condemning a right of way over the lands of the defendants.

From this action of the court the petitioner has appealed to this court, and has assigned as error the action of the court in dismissing the petition and taxing the petitioner with the cost.

There is contained in the record a finding of the facts by the trial judge, and which recites in part as follows:

"While it is rough, little used dirt road and as it now exists, serves only the petitioner, and while it is not as desirable or convenient to petitioner as would be a roadway across the land of defendants, intervening between the said old dirt road and the new State Highway No. 20, in that petitioner would be saved a distance of from two to three hundred yards out to the State

Highway, still petitioner does have, in said old dirt road, either to the west or to the east from his farm, and especially to the east, an adequate and convenient inlet and outlet to and from his property. Said dirt road does become impassible without work, for automobile traffic during severe winter weather as do many other country dirt roads of the county. The county has ceased to work said dirt road and petitioner will be forced to work same to keep it in proper condition, but at the same time he would be compelled to maintain the road sought to be established over the land of defendants, and the only advantage petitioner could obtain by the new road he seeks to have established would be in a shorter distance to travel and less labor as above set out.''

One of the assignments of error states that there is no evidence to support the judgment of the court and the finding of the facts as found by the lower court.

There is some controversy in the evidence as to the present condition of the old road which has been abandoned by the county as a public road. The evidence shows with but little if any dispute, that in order to reach the new highway, especially by automobile, the petitioner has to use the abandoned road east for several hundred yards, and then for some distance to the south before reaching the new highway. To go this route to the new highway, and then to follow the new highway to a point immediately in front of petitioner's home, he would have to travel nearly a mile, that is nearly a half mile on the old road and then back over the new road for about the same distance, and taking the lowest estimate of any witness this would be more than a half mile to reach a point on the new highway about seventy-five yards in front of petitioner's home. It further appears that by taking the other end of the old road petitioner could reach the new road at about 400 yards, but by the evidence in the record this end of the old road is rendered much less practical because of the topography, (cuts and washes and being narrow) than would be the other end of the road of greater distance. The old road is described by Mr. Clay, a Justice of the Peace of Dyer county, and who lives in the same vicinity as follows, speaking of the old road:

". . . that he was over the same a short while ago going down to petitioner's home and the same is a very narrow road, cuts through a hill between petitioner's home and the road on the east, and the same has been washed out in gulleys and practically impassable; that the lower end of the road from petitioner's home down where it intersects Highway No. 20 is washed out in deep gulleys and it is impassable.''

Another witness, Mr. T. E. Kee, a landowner residing in the same community describes the old road as follows:

"That the same is in a mighty bad condition, and at present impassable for cars, it is very narrow, runs through a hill, deep embankments, and is washed out in deep gulleys, and the same is not used generally by the public, the public having no occasion for using it and the public uses the new Highway No. 20, and at the lower end there is a large ditch washed out in the middle of the road so that it would be impossible to get on Highway No. 20."

The evidence of the above two quoted witnesses with reference to the condition of the old road is corroborated in the main by the other witnesses in the record.

As above set forth in the quotation from the finding of the facts by the trial judge, it appears that the trial judge, in his finding of the facts, states that this old road is in very bad condition.

This proceeding was brought under chapter 75 of the Public Acts of 1921, section 1 provides:

"Any person, firm, or corporation, owning any land in Tennessee, ingress and egress to and from which is cut off or obstructed entirely from a public road or highway by the intervening lands of another, *or who has no adequate and convenient outlet from said lands to a public road in Tennessee,* by reason of the intervening land of another, are hereby given the right to have an easement or right of way condemned and set aside for the benefit of such land over and across such intervening land or property. The chancery, circuit or county courts of Tennessee, the latter acting by and through the Chairman or County Judge, are hereby given concurrent jurisdiction in such matters. . . ." (Shannon's Anno. Supp. Code, Sec. 1534a1.)

In the case of Derry Berry v. Burk, 153 Tenn., 220, the constitutionality of this act was attacked, and its constitutionality sustained. In the case of Debusk v. Riley, 154 Tenn., 381, this act was considered and construed in an able opinion by Mr. Justice McKinney, and in which opinion it is said:

"It will be observed that the language used covers every situation where a party is without an adequate and convenient outlet to a public road.

"We are unable to see how the agreement of the parties made twenty-one years ago, with respect to this road, could prevent one of them from pursuing a legal remedy intended to meet changed, and, it might be said, modern conditions.

"Since the complainants are to be compensated for their land and for any injury suffered on account of this change, they will be made whole and have no just cause of complaint."

In the present case, if it be conceded that appellant, by using the old road which has been abandoned by the county, and which is not now used by the public, has a means of outlet to the new road, it must also be conceded, under the evidence and facts as disclosed by the

record, that he does not have a convenient or adequate outlet to the new road. It is possibly true that by expending great labor and considerable expense the old road could be so maintained by the petitioner as to afford a means of ingress and egress to his home, yet this would be difficult, and certainly very inconvenient.

In the able brief filed by the appellee it is said that by opening the road as sought by appellant it would divide a narrow strip of land into two parts, extending from the new road to the old road, and that this parcel is a small V-shaped tract. Chapter 75 of the Acts of 1921 makes full provision for compensating the owner whose land is sought to be condemned for such purpose. This same question was made, especially with reference to fencing, in Debusk v. Riley, supra, and it was with reference to that question that Mr. Justice McKinney, speaking for the court, used the language last quoted above. The Act of 1921, chapter 75, was passed after Tennessee began the building of the State hard-surfaced highway system. It was known that these new permanent highways could not follow the location of the old roads, and that in many instances farm homes would be either cut off from the new road, or a means of outlet to the new road would be rendered greatly inadequate and very inconvenient if home-owners had to follow and use the old abandoned roads to reach the new hard-surfaced highways. It was no doubt the legislature had this situation in mind in passing chapter 75 of the Acts of 1921. Without legislation on this subject sufficient to protect those who had built their homes on the highways formerly laid out and maintained by the counties, great damage and injustice would essentially result to such owners. This enactment by the legislature was intended to afford a remedy to those who were left off of the new highways under the road-building program of the State.

We are of the opinion that under the facts as disclosed by this record the petitioner was entitled to have his petition sustained, and the easement condemned as sought by the petition, and upon, petitioner complying with the provisions of the law with reference to compensating the owner of the lands sought to be condemned.

It results that the decree of the lower court is reversed and the cause is remanded to the county court of Dyer county (referred to as the probate court of Dyer county) for the further proceedings in condemning the right of way as prayed for.

Appellees will pay the cost of this appeal. The cost of the condemnation proceedings will be paid as provided by law, and taxed by the judge of the lower court.

Owen and Heiskell, JJ., concur.