BRADY v. CORRELL et al.—97 S. W. (2d) 448.

Eastern Section.   June 20, 1936.

Petition for Certiorari denied by Supreme Court, October 10, 1936.

Hooper, Crawford & Caraway, of Newport, for plaintiffs in error. McSween, Shepherd & Hurd, of Newport, for defendant in error.

McAMIS, J.  Henry Correll has appealed in error from a judgment of condemnation entered in the county court of Cocke county in favor of the petitioner below, R. C. Brady, here the defendant in error.  The case was tried below before the county chairman and a jury, upon appeal from a jury of view finding, resulting in an adjudication of the right of petitioner, Brady, to condemn a right of way across the lands of defendant, Correll, and an award of $300 as damages for the land actually taken and incidental damages to the remainder of the lands of said Correll.  For convenience we refer to the parties as petitioner and defendant.

Section 2746 of the Code provides as follows:

"Any person owning any lands, ingress or egress to and from which is cut off or obstructed entirely from a public road or highway by the intervening lands of another, or who has no adequate and convenient outlet from said lands to a public road in the state, by reason of the intervening lands of another, are given the right to have an easement or right of way condemned and set aside for the benefit of such lands over and across such intervening lands or property.  The chancery, circuit, and county courts, the latter

acting by and through the chairman or county judge, are given concurrent jurisdiction in such matters; and as many different owners of lands as may be so cut off or obstructed or deprived of adequate and convenient outlets may join together against any number of different owners of intervening lands, as may wish to have such easement or right of way so condemned and set aside to them over such intervening property and such joining shall not make such proceedings multifarious."

The petitioner alleges that he is the owner of two tracts of land containing 250 acres and 17½ acres, respectively, and that the defendant owns a tract of land containing 250 acres, contiguous to petitioner's 17½-acre tract and separating it from petitioner's main farm of 250 acres. This proceeding was instituted under the provisions of the Code section quoted above, it being the theory, later insisted upon and sustained by the court at the hearing, that there was no convenient and adequate means of ingress and egress to and from said 17½-acre tract except over the intervening lands of defendant.

The contention first made by defendant in this court is that the court erred in not confirming the report of the jury of view and in submitting the case to a trial jury. This contention proceeds upon the theory that a jury trial in the county court is unknown to the forms of law and that Code, section 2758 (which is a part of the act of 1921, chapter 75, from which section 2746 was codified), if given the construction of permitting such trials, would be unconstitutional.

Section 2746 expressly provides that the chancery, circuit, and county courts shall have concurrent jurisdiction of proceedings of this nature. Section 2758 expressly authorizes the right of either party to appeal from the finding of the jury of view and demand a trial before a jury to be summoned and impaneled by the court in the usual way.

This court is without jurisdiction to pass upon constitutional questions which may be controlling in the disposition of a case. However, we are cited to no provision of the present Constitution which either expressly or impliedly inhibits the Legislature, by express enactment, from providing for a trial by jury in the county court. In the absence of any citation to a constitutional provision affecting such a proceeding in the county court, we have jurisdiction and the case should not, upon the bare assertion that a constitutional question is involved, be transferred to the Supreme Court. The assignments based upon the ground that a trial before the chairman and a jury was improperly allowed are overruled.

(1) Is the petitioner, upon the facts shown, entitled to condemn a right of way over the lands of defendant, and, (2) if so, is there

material evidence to support the finding of the jury that $300 represents adequate compensation for the land actually taken and incidental damages to the remainder of defendant's lands?

■■ The record shows that the lands of defendant over which the easement is sought to be condemned lie between the two tracts of petitioner and that the 17½-acre tract is completely surrounded by the lands of defendant and Nolachuckey river, so that it can only be reached by land by traversing some part of defendant's farm. There is no question made that the route laid out by the jury of view is unsuitable or results in unnecessary damage and inconvenience to defendant. It is earnestly insisted, however, that petitioner could reach said lands by crossing the river by boat or ferry. While it is shown that this mode of reaching the land was at one time made use of, the proof shows that it was never satisfactory and that it was resorted to only because of necessity.

We think under these facts petitioner established his right to invoke the provisions of section 2746. We do not think it could be reasonably said that crossing by boat or ferry with machinery and products of the land would be adequate and convenient. It is not necessary that petitioner show that he has no outlet but only that he has no adequate and convenient one. Sorrell v. Wood, 8 Tenn. App., 84.

■ It is insisted that petitioner has not brought himself within the provisions of the Code for the reason that the right of way over the lands of defendant connects at neither termini with a public road. The statute was passed for the benefit of landowners whose lands are cut off from access to a public road, "by the intervening lands of another," and petitioner's right to condemn a right of way is not affected by the fact that after leaving the right of way he must cross other lands of his own to reach a public road. The purpose and effect of condemning the right of way across the lands of defendant is to make available to the 17½-acre tract access to a public road, and this is accomplished just as effectively as if the condemned right of way terminated immediately at a public road.

■ As to the amount of the award, we think there is material evidence to support the finding of the jury. It is true all of the witnesses, who qualified as experts, placed a considerably higher estimate upon defendant's damages than the amount awarded by the trial jury. However, the record shows that some, if not all of them, were under the impression that defendant would be forced to fence the right of way instead of maintaining gates at the ends thereof, and that stock would thereby be cut off from water except for a distance of a few rods at one end of the right of way.

They admit that with these items eliminated the damages to defendant's property would' be reduced.

Under section 2746, if petitioner had alleged and proved that it was necessary to have the right of way free of the obstruction of gates across it in order to obtain an adequate and convenient outlet, considering the nature and extent of travel over it, we have no doubt that he could have secured such a right of way; and, in that case, the hypotheses upon which the witnesses based their estimate of damages would have justified their conclusions.

But petitioner testified that there was no need for defendant to fence the right of way, and his counsel freely concedes that defendant will have the right to maintain gates instead of building a fence. Defendant will thus have unobstructed access to the water for watering stock and will be put to little or no expense for additional fencing.

By condemnation the petitioner does not become vested with the fee to the land condemned for a right of way but only has an easement which reverts upon nonuse to the owner of the servient estate. It is well settled in this state, at least, that, in the absence of a showing of a contrary intention, the owner of the servient estate is entitled to erect gates across the easement (when necessary to the convenient use of the servient land), which do not unreasonably and unnecessarily interfere with the use and enjoyment of the dominant estate. Luster v. Garner, 128 Tenn., 160, 159 S. W., 604, 48 L. R. A. (N. S.), 87, Ann. Cas., 1914D, 769; Long v. Garrison, 1 Tenn. App., 211, 217. See, also, Kinkade v. Lyons, 235 Ky., 226, 30 S. W. (2d), 963, 73 A. L. R., 778, et seq., and 9 R. C. L., 800.

The judgment to be here entered will adjudge this right in favor of defendant. In this view of the matter we do·not think the jury was bound by the expression of the opinions of witnesses based upon false premises but that it came within its province and duty to fix an amount which represents the sound value of the property actually taken and incidental damages to the remainder of the farm.

It is next insisted that the court erred in refusing to sustain defendant's motion to dismiss, made at the close of petitioner's evidence in chief and again renewed at the close of all the proof, upon the ground that defendant's farm was deeded to himself and wife as tenants by the entirety, and that defendant's wife being a necessary party not joined as a party defendant the proceeding should be dismissed.

It is true, as insisted, that under this state of facts defendant's wife was a necessary party. Section 2747 provides that all parties interested in the land over which a right of way is sought shall be made parties defendant.

"Where the fee (of land sought to be condemned) is in the husband, he alone is the necessary party, but if the fee is in the wife she is a necessary party and her interest will not be affected by a proceeding against the husband alone. So in order to affect her interest, the wife must be joined where she and her husband are tenants by the entirety. . . ." 20 C. J., 923, 924.

The nonjoinder of defendant's wife was set up neither by plea in abatement nor by answer. The rule is that the nonjoinder of necessary parties to an action can be taken advantage of only by plea in abatement or answer, unless it appears on the face of the complaint, in which case it may be taken advantage of by demurrer or motion in arrest of judgment. Where the defect of parties is not apparent on the face of the petition, and is not taken advantage of by such preliminary pleading, it is waived. 21 R. C. L., 544.

This is a sound and just rule which expedites the trial of cases and eliminates confusion after the hearing is under way. However, we are not passing upon any rights of defendant's wife by reason of not being made a party. We merely hold that there was no error in the action of the court in refusing to grant the motion to dismiss upon this ground.

Other assignments are made but not stressed in the brief. To treat each separately would unduly extend this opinion. We have considered each of them and have reached the conclusion that there is no reversible error in the judgment. Accordingly, all assignments of error are overruled, and the judgment below will be affirmed, with costs.

Portrum and Ailor, JJ., concur.