JOHN H. DRAPER et ux, Plaintiffs in Error, v.
JOHN E. WEBB et ux., Defendants in Error.—
418 S.W.(2d) 775.

Eastern Section. May 9, 1967.

Certiorari Denied by Supreme Court August 7, 1967.

Turner, Oehmig & Davis, Chattanooga, for plaintiffs in error.

Witt, Gaither, Abernathy & Wilson, Chattanooga, for defendants in error.

McAMIS, P.J. John E. Webb and wife brought this action against John H. Draper and wife to condemn a right of way under T.C.A. 54-1902, providing in part:

"Any person owning lands, ingress or egress to and from which is cut off or obstructed entirely from a public road or highway by the intervening lands of another, or who has no adequate and convenient outlet from said lands * * * are given the right to have an easement or right-of-way condemned and set aside for the benefit of such lands over and across such intervening lands or property. * * *"

The Circuit Court sustained the petition in so far as it sought to invoke the right to condemn but held in abeyance the issuance of a writ of inquiry to fix the damages and granted a discretionary appeal to this Court. Defendants Draper and wife have appealed and assigned errors raising broadly the question whether petitioners are without an adequate and convenient outlet in the sense of the statute.

Petitioners have owned since 1940 a tract of land containing 24.7 acres. Near the eastern end of their property

they have an outlet 50 feet in width to Grubb Road, a well maintained blacktop road in Hamilton County. Their home and other buildings are located on that end of the land. They make no insistence the outlet to Grubb Road is inadequate and inconvenient for the eastern half of their land. They insist, however, a high ridge near the middle of the tract makes it difficult to reach Grubb Road from the western portion of their property. It is intimated but not established, since neither petitioner testified, that petitioners wish to subdivide the western portion of the land and for that purpose they seek to condemn a right of way 50 feet in width and a maximum of 48 feet in length across defendants' property to Crestview Drive.

The theory advanced by petitioners seems to be that although their land, considered as a single tract, has an adequate and convenient outlet to a public road they are entitled, under the statute, to subdivide it into separate tracts which would then not have an adequate and convenient access to a public road, and condemn over private lands of others a right of way for the benefit of such tracts.

■ The statute, being in derogation of the rights of the owner of private property, is to be strictly construed against the right of a private individual to expropriate the private property of another.

The case here is not unlike Vinson v. N. C. & St. L. Ry., 45 Tenn.App. 161, 321 S.W.2d 841. In that case the would be condemners sought to develope a subdivision on their farm already provided with a private crossing over the tracks of the Railway Company. To meet the requirements of the County Planning Commission, one of which was that each road should have at least a 50 foot right

of way dedicated as a public road and accepted as such by the County, they sought to condemn from the Railway Company a right of way for a public road 50 feet in width.

In affirming the decree of the Chancellor denying the right to invoke the provisions of the statute to establish a public road 50 feet in width, this Court, in an opinion by Judge Felts, said:

"We think complainants do not bring themselves within the statute. As we have seen, their land is *not* 'cut off or obstructed entirely from a public road'. But they already have, in this 20-foot road or private crossing, an adequate and convenient outlet from their land to a public road—adequate and convenient for ingress and egress.

"Complainants, however, insist that though this private road is an adequate and convenient outlet for their land used as a farm, it is not adequate and convenient for their subdivision; that it is a fundamental principle that they are entitled to put their land to its highest, best, and most profitable use; and that this act should be viewed in the light of that principle and liberally construed so as to allow them a right of way adequate and convenient for such use—the 50-foot right of way for a county public road, as required by the Planning Commission.

"It is true complainants are entitled to make the best possible use of their property, but they have no right to take defendant's property for such use, or for any use but that authorized by the statute; and in determining the extent of that use, the statute is to be strictly construed against them and in favor of defendant.

"This is so because the power of eminent domain is against common right and all grants of such power are to be construed strictly against the condemner and liberally in favor of the rights of property. 1 Lewis on Eminent Domain (3rd ed.), secs. 388, 390, 394; Clouse v. Garfinkle, 190 Tenn. 677, 683, 231 S.W.2d 345; Rogers v. City of Knoxville, [40 Tenn.App. 170] 289 S.W.2d 868, 871. City of Chattanooga v. State, 151 Tenn. 691, 698, 272 S.W. 432; Swicegood v. Feezell, 29 Tenn.App. 348, 352-353, 196 S.W.2d 713."

To the same effect is Judge Cooper's opinion of April 5, 1965, in J. B. Duncan et al. v. D. F. Brown, Jr., Knox Law, (unpublished) certiorari denied, wherein a landowner having a right of way 20 feet in width to a public road sought to condemn a wider right of way a short distance over defendant's land "in order to better develope their own property." Citing and quoting at length from the Vinson case, supra, the Court affirmed the Chancellor's action in dismissing the suit.

Petitioners cite and rely upon Sorrell v. Wood, 8 Tenn. App. 84; Brady v. Correll, 20 Tenn.App. 224, 97 S.W.2d 448; Fite v. Gassaway, 27 Tenn.App. 692, 184 S.W.2d 564; Lay v. Pi Beta Phi, 30 Tenn.App. 423, 207 S.W.2d 4.

None of these cases involved changing the character and use of property by subdividing it into a number of tracts and so creating a need for an outlet in addition to an already existing adequate and convenient outlet having regard to contemporary uses of the property as a single unit. Under the circumstances of each of these cases it was held the petitioner did not have an adequate and convenient outlet, the necessary prerequisite to the right to invoke the statutory right of condemnation.

In Sorrell v. Wood the petitioner's property abutted on a county road but, due to the construction of a new. State Highway, the county road was abandoned and to have an outlet over the old county road would have required petitioner to maintain the old road at excessive expense for a distance of nearly a mile one way and a quarter of a mile the other. To obviate this he sought to condemn a right of way a short distance across defendant's property. The need for the new way was not created by any action of the petitioner but by a public authority. Under these circumstances the right to condemn a new outlet was sustained.

In Brady v. Correll the petitioner sought to condemn a right of way across defendant's property in order to have ingress and egress for an island accessible only by ferry or boat, a means of access which was never satisfactory and was resorted to only as a matter of necessity. It was held the petitioner under the circumstances did not have "an adequate or convenient" outlet.

Fite v. Gassaway is analogous to Sorrell v. Wood. In that case the petitioner could have constructed a circuitous outlet over rough and hilly terrain but this Court held, as did the Chancellor, that such route if constructed would not be adequate and convenient.

In Lay et al. v. Pi Beta Phi also the petitioners owned land over which it was possible to construct a bridge as a means of ingress and egress to and from their motel. To do so, however, would have necessitated the demolition of two buildings and the construction of a new bridge to take the place of a bridge already on defendant's property which petitioners had constructed under a lease agreement. It was held the petitioners had no adequate

and convenient outlet and hence were entitled to invoke the provisions of the statute.

As above pointed out, in none of these cases did the petitioner seek to change his property in such a way as to make the existing outlet inadequate or inconvenient, as the petitioners here are attempting to do. To follow their insistence would require a liberal interpretation and application of the statute contrary to the established principle of strict construction.

It results that the judgment must be reversed and the suit dismissed.

Cooper and Parrott, JJ., concur.