
## IN THE COURT OF APPEALS OF TENNESSEE

### AT NASHVILLE

B. B. JONES,                                  )
                                              )
       Appellant,                   ) FRANKLIN CHANCERY
                                              )
vs.                                           ) APPEAL NO.
                                              ) M1999-00883-COA-R3-CV
NANCY McMILLAN EWELL and                      )
SAMUEL K. JOHNSON,                            )
                                              )
       Appellees.                   )


APPEAL FROM THE CHANCERY COURT
FOR FRANKLIN COUNTY
AT WINCHESTER, TENNESSEE

THE HON. JEFFREY F. STEWART, CHANCELLOR


For Appellant:

JOHN L. STEPHENS and
JAMES S. STEPHENS
Sewanee, TN 37375

For Appellees:

CLINTON H. SWAFFORD
SWAFFORD, PETERS, PRIEST
& COLVIN,
Winchester, TN 37398
and MICHAEL W. EWELL
FRANTZ, McCONNELL &
SEYMOUR
Knoxville, TN 37901


**AFFIRMED AND REMANDED**


HERSCHEL P. FRANKS, JUDGE

# OPINION

In this action for a statutory easement pursuant to T.C.A. §54-14-101 and 102, the Trial Court granted defendants summary judgment, and plaintiff has appealed.

The plaintiff owns a 457 acre tract of land in southern Franklin County, which borders on State Highway 56 for a distance of about a mile. The land is mountainous with ridge and ravine running through the middle of it. Plaintiff has built several structures on his land, and has obtained building permits for others. A substantial portion of the tract lies on the other side of the ravine, which plaintiff contends he has no access, due to the nature of the ravine. Appellant claims the Chancellor erred in characterizing his request as seeking a "private road condemned to the back side of his property". He takes issue with the phrase "back side of his property", contending that he was seeking access to the center of his property. He admits that "what effect that may have had on the court is hard to say", but asks for a remand.

This issue is without merit. Taken in context, the Court was merely distinguishing that part of the property that is behind the ravine and not fronting on the highway.

Next, plaintiff claims that the Chancellor improperly considered the fact that the plaintiff did not discuss the possibility of an easement with his neighbors prior to the purchase of the property. He argues that equitable doctrine, such as "clean hands", estoppel and good faith are not part of the proper analysis of whether appellant has adequate and convenient access. He urges that the Chancellor must have considered this to be a factor, since it was mentioned in his Order. Again, the plaintiff's claim is nothing more than a quarrel with the wording of the Order. The mere mention of this fact does not establish that the Chancellor made any reliance on this in his decision. The Order is clear that the Chancellor ruled that plaintiff had adequate and convenient access to the property, regardless of any of these equitable doctrines.

When evaluating a motion for summary judgment, the trial court should consider whether a factual dispute exists, and whether a disputed issue of material fact is a genuine issue for a trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). No presumption of correctness attaches to decisions granting summary judgment, because

they involve only questions of law. *Hembree v. State*, 925 S.W.2d 513 (Tenn. 1996). We are required to view the evidence in the light most favorable to the opponent of the motion. *Gray v. Amos*, 869 S.W.2d 925 (Tenn. Ct. App. 1993).

The facts are not in dispute. Appellant seeks access to his property by court condemnation of a right-of-way over property owned by defendants, pursuant to the statute. He claims that while he has access to part of his property from Highway 56, he cannot access the portion of his property located across the ravine. The statute provides the following:

> Any person owning any lands, ingress or egress to and from which is cut off or obstructed entirely from a public road or highway by the intervening lands of another, or who has no adequate and convenient outlet from such lands to a public road in the state, by reason of the intervening lands of another, is given the right to have an easement or right-of-way condemned and set aside for the benefit of such lands over and across such intervening lands or property.

T.C.A. §54-14-102(a).

This statute was interpreted in *Draper v. Webb*, 418 S.W.2d 775 (Tenn. Ct. App. 1967). Draper owned a tract of 24.7 acres on which was located his residence and other buildings. The property had an outlet on the eastern side, the side with the buildings, to a well maintained hardtop road. This was admitted to be adequate and convenient access to that portion of the property. However, Draper maintained that a high ridge near the middle of the tract made it difficult to reach the road from the western side of the property, and he sought a right-of-way across the defendant's property from the western side of his property to another road. The Court, in denying a right to condemn as a premise for that ruling, observed:

> The statute, being in derogation of the rights of the owner of private property, is to be strictly construed against the right of the private individual to expropriate the private property of another.

*Draper*, at 776. The Court quotes *Vinson v. N.C. & St. L. Ry.,* 321 S.W.2d 841 (Tenn. Ct. App. 1958), a similar case, for further explanation:

> It is true complainants are entitled to make the best use of their property,

3

but they have no right to take defendant's property for such use, or any use but that authorized by the statute. . . .

*Id.* at 776.

The Court ruled that because the plaintiff had access to part of his land sufficient for its use as a single residential unit, he did not have the right to condemn a portion of another's land to improve the use and enjoyment of his own.

The case before us is analogous to *Draper.* Jones has adequate and convenient access to a portion of his land sufficient for him to built a residence, etc. He is petitioning for a right-of-way to make better use of his property, specifically building in a different location. However, this does not meet the statutory requirements necessary to supercede the property rights of defendants.

Appellant relies on several cases wherein the court allowed condemnation. However, in all the cases which he cites, the petitioners were seeking adequate access to their property, not just a portion thereof. *See Sorrell v. Woods*, 8 Tenn. App. 84 (Tenn. Ct. App. 1928); *Fite v. Gassaway*, 184 S.W.2d 564 (Tenn. Ct. App. 1944); *Lay, et al v. Pi Beta Phi*, 207 S.W.2d 4 (Tenn. Ct. App. 1947).

For the foregoing reasons, we conclude that the facts of this case do not entitle plaintiff to have an easement condemned under the statute, and we affirm the judgment of the Trial Court with costs of the appeal assessed to the appellant.

_____
Herschel P. Franks, J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
D. Michael Swiney, J.

4