IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2003 Session

## CORDELL C. TAYLOR, ET AL., v. DONNIE H. AND VICK WILLIAMS

**Direct Appeal from the Chancery Court for Morgan County**
**No. 99-161     Hon. Frank V. Williams, III., Judge**

**FILED JANUARY 16, 2004**

**No. E2003-00199-COA-R3-CV**

In this dispute over the boundary line between the parties' property, the Trial Court established the line and declared an easement. Defendants have appealed. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and William H. Inman, Sr., J., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for Appellant.

James W. Brooks, Jr., Wartburg, Tennessee, for Appellees.

### OPINION

In this action the Trial Judge established a boundary line between the parties' properties, and declared an easement across defendants' property.

This is the third lawsuit involving the property in question between these parties and/or their predecessors in title. In the 1950's a lawsuit was filed between Elias Taylor and the defendants' predecessor-in-title (McGhee) to determine the rights to proceeds from the sale of timber cut on the same 10 acre tract which now forms the subject of the present litigation. The Trial Court ruled in favor of Elias Taylor because plaintiff McGhee could not locate his boundary line nor prove a claim by adverse possession. The timber proceeds were awarded to Taylor and the Taylors primarily now use their land for hunting. The Court of Appeals affirmed the Judgment in that case.

Elias Taylor conveyed all of his land to his son Kenneth in 1957, and when Kenneth died in 1998 the property passed to the plaintiffs.

The Complaint alleges that plaintiffs are the rightful owners of the 10 acre tract, and that plaintiffs have acquired an easement by prescription resulting from the use of the road bed for access to their property for the past 50 years. In 1999 plaintiffs commissioned a survey of their property by Lackey & Associates, Inc., registered land surveyors, which the Trial Court refers to in his Opinion. Following an evidentiary hearing, the Trial Court ruled:

> . . . We simply have to determine the line that separates these two parties. And, both of them – both sides admit that their land adjoins and they're substantially in agreement as to where that adjoining line is from Point "A" down to Point "B" on Exhibit Number Three, but it's from "B" on that they differ.
>
> I think Mr. Lackey nailed it. I think his survey is accurate, his distances are accurate. He's found the correct corners and that the area outlined by the lines from Point "B" to "C" to "D" and to "E" are a portion of that property described as the First Tract . . . in the Warranty Deed from Wanda Susack to Donnie Harold Williams and Vick S. Williams, and that the evidence is clearly in favor of the Plaintiffs in this regard.
>
> The issue of the road also, . . . I think this is a longstanding road that's existed out there, all of the evidence supports that. It goes back to the 1940's, at least, and probably before that. It is not a timber road or logging road as has been described, but was used for other purposes as well, for ingress and egress. And, this being mountainous land, woodland, the uses that were made of it are consistent with the nature of the land. In other words, because the land is different from residential land or land around a municipality or something, you would expect the use of that road to be different as well, and that's what the proof here makes out. It hasn't been used much in recent years to the point that it's grown up and the point that Mr. D. Williams was able to plow up his field and essentially obliterate it. But, I find no reason to hold that the Plaintiffs don't still have a right to come and go across that land.

As to the boundary dispute, Lackey testified as an expert that he located and followed the undisturbed markers as they are considered the best available evidence of a line, in preference to courses and distances that the defendants focus upon. Essentially, Lackey's testimony stands unrefuted.

Defendants conceded they did not know where the boundary line was. Their primary evidence is essentially that the northwest point of their property begins at the old Aytes/Potter corner, and not at point A-2. However, if the marker they claim is a proper starting point, then the record demonstrates that all other clear unmistakable markings for all the other points on the survey would not harmonize as Lackey found them, and the visible monuments on the property would not

harmonize with the deed. Defendants presented no countervailing evidence to the survey or expert testimony in support of their assertions. The evidence does not preponderate against the Trial Court's finding. Tenn. R. App. P. 13(d). We affirm the Trial Judge on this issue.

Tennessee law recognizes several types of easement, including prescription (also referred to as adverse possession). *Pevear v. Hunt,* 924 S.W.2d 114 (Tenn. Ct. App. 1996). *Id. at 116. Also see, Cole v. Dych,* 535 S.W.2d 315, 318 (Tenn. 1976).

A prescriptive easement is created when a party engages in the use and enjoyment of the property under an adverse claim of right that is continuous, uninterrupted, visible, and with the knowledge and acquiescence of the owner of the servient tenement, and the use must continue for the full prescriptive period of 20 years. *Peavear*; *Callahan v. Town of Middleton,* 292 S.W.2d 501 (Tenn. Ct. App. 1956). Defendants argue and we agree that permissive use is insufficient to establish an easement by prescription. *See Fite v. Gassaway,* 184 S.W.2d 564, 567 (Tenn. Ct. App. 1944). The defendants testified that they gave permission to use the right-of-way. Obviously the Trial Court rejected this testimony, and the Trial Court is the judge of the credibility of the witnesses on factual issues. There is evidence of the long existence of the roadway and its occasional use. The Trial Judge's explanation of the infrequent use is sound. Accordingly, we affirm the Trial Court's findings on this issue. Tenn. R. App. P. 13(d).

Finally, defendants argue that it was reversible error on the part of the Court not to join an indispensable party because, they contend, "even though Samuel D. Williams testified at trial, he should have been made a party due to his interest in the existence of the easement in question, which interest was affected by the Court's declaration." They further contend that the Trial Court determined the existence and location of the easement, an extension of which is across Samuel D. Williams' property. Hence, he was an indispensable party.

While this is a well-settled rule of law in this jurisdiction, the failure to join all affected property owners does not make the proceeding void, but rather the petitioner will acquire no rights with respect to those owners who are not joined. *Swicegood v. Feezell,* 196 S.W.2d 713 (Tenn. Ct. App. 1946); *Brady v. Correll*, 97 S.W.2d 448, 451-452 (Tenn. Ct. App. 1936). We find this issue to be without merit and affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to defendants, Donnie H. and Vick Williams.


_____
HERSCHEL PICKENS FRANKS, J.