IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 13, 2015 Session

## STACY D. VISE, ET AL. v. PEARCY TENNESSEE RIVER RESORT INC., ET AL.

**Appeal from the Chancery Court for Decatur County**
**No. 4119    Martha Brasfield, Chancellor**

_____

**No. W2014-00640-COA-R3-CV – Filed July 15, 2015**
_____

This is a private condemnation action. Appellants own property in Decatur County that does not have access to a public road. Appellants currently access this property by crossing properties owned by the Tennessee Valley Authority and the Appellees. Appellants have verbal permission from both TVA and the Appellees to enter their lands. When TVA would not grant the Appellants an easement to access their property unless the Appellees agreed to grant Appellants a private easement across their property, Appellants filed a private condemnation action against the Appellees pursuant to Tennessee Code Annotated Section 54-14-101 *et seq.* The trial court found in favor of the Appellees. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Robert I. Thomason, Jr., Waverly, Tennessee, and J. Michael Ivey, Parsons, Tennessee, for the appellants, Stacy D. Vise, Tara Vise, Ricky Smith, and Tina Smith.

Ricky L. Wood, Parsons, Tennessee, for the appellees, Pearcy Tennessee River Resort, Inc., Louis Jefferson Pearcy, Paul Davis Family Limited Partnership, and Estate of Mable Brasher.

# OPINION

## I. Background

This case arises from a private condemnation action against Louis Jefferson Pearcy and the Pearcy Tennessee River Resort, Inc. (together, "Appellees").[1] On September 15, 2006, Stacy D. Vise, his wife Tara Vise, Ricky Smith, and his wife Tina Smith, (collectively, "Appellants"), jointly purchased a parcel of land located in Decatur County ("the property"). The Tennessee River forms the eastern boundary of this property, and the Appellees' property forms the southern boundary of Appellants' property. The Tennessee Valley Authority ("TVA") owns the property that bounds the Appellants' property on the west and north. Originally, the Appellants' crossed dirt roads over TVA property to access their property from the north or west. However, the development of the Appellees' property provided Appellants a different route to access their property.

In 2004, the Appellees platted their land and began to develop it as a private resort. In order to develop their property as a resort, the Appellees applied for an easement from TVA to cross TVA-owned lands located south of their property. TVA granted the Appellees a "nonexclusive permanent easement…for the following purposes, namely: the right to enter upon the hereinafter described land, in accordance with plans approved in advance and in writing by TVA, to grade, level, pave, build, maintain, repair, build and use a road…." After TVA granted the easement, the Appellees constructed a "blacktop road" to access the lots being developed on their property. The blacktop road begins at the public road closest to the Appellees' property, which is located just south of the Appellees' property. However, the Appellees' property is separated from the public road by a strip of TVA-owned land. The blacktop road then crosses TVA-owned lands that separate the public road from the Appellees' property. The blacktop road spans the entirety of the Appellees' property and ends at the southernmost part of the Appellants' property. After the blacktop road was completed, the Appellants began using it to access their property, instead of using the previous routes over TVA-owned land. As a result of the exclusive use of the blacktop road, the dirt roads originally used by the Appellants fell into disrepair and became impassable.

Sometime in 2006, the Appellants began to inquire of TVA about an easement for the purpose of developing their property as an "RV park," and, in July 2008, formally applied for an easement from TVA. On April 10, 2009, TVA granted an easement "specifically limited to allowing ingress and egress traffic for recreational campground purposes on adjoining

---

[1] Although this lawsuit involves Appellees other than Mr. Pearcy and the Pearcy Tennessee River Resort, the only property at issue in this appeal is owned by the Pearcy Tennessee River Resort. Therefore, we are only concerned with the actions of Mr. Pearcy and the Pearcy Tennessee River Resort.

2

private lands." This easement was to be located "across TVA land that is presently subject to a non-exclusive easement previously granted to [Mr. Pearcy]." TVA elaborated that "[a]ny such grant of easement would be contingent upon [the Appellants] obtaining land rights across [the Appellees'] property." The Appellees, however, refused to grant an easement to the Appellants for their intended purpose of developing an RV park. On March 10, 2010, the Appellants and Appellees jointly applied to TVA to locate the Appellants' easement elsewhere; however, TVA denied this application and reiterated that it would only grant an easement over the blacktop road.

On May 7, 2009, the Appellants filed a private condemnation action against the Appellees pursuant to Tennessee Code Annotated Section 54-14-101 *et seq*. The Appellees filed their answer on June 8, 2009, arguing that Appellants had adequate access to their property for their current purposes and that the Appellants had failed to join TVA as an indispensable party. That same day, the Appellees filed a motion to join TVA to the lawsuit. In a consent order dated September 3, 2009, the parties waived the right to a jury or to have a jury of view survey the property. Appellants filed an amended complaint on February 23, 2010, requesting specific relief and naming other owners of other adjoining properties as defendants.

On March 15, 2010, the Appellees moved the trial court to join TVA as an indispensable party. On March 22, 2011, the trial court ordered that TVA be joined as a defendant, pursuant to Tennessee Rule of Civil Procedure 19. 01. On June 1, 2011, TVA filed to remove the case to the United States District Court for the Western District of Tennessee. On March 14, 2012, the District Court dismissed TVA as a defendant in the case and remanded the case back to the trial court.

In a consent order dated February 18, 2014, the parties again waived the right to a jury of view and the right of appeal to a jury from a jury of view's findings. The consent order also submitted "all issues" to the trial court. The trial court heard the case on February 18, 2014. In an order dated March 4, 2014, the trial court found that "the [Appellants] have an adequate and convenient access to their property to use the property for farming…." The trial court further found that, because the Appellants "have ingress and egress access which is adequate and convenient, they are not entitled to obtain an easement under Tenn. Code Ann. § 54-14-101 et seq. This lawsuit will be dismissed."

## II. Issues

We restate the Appellants' sole issue as whether the trial court erred in concluding that the Appellants are not entitled to an easement pursuant to Tennessee Code Annotated Section 54-14-101 *et seq.*

### III. Standard of Review

This case was tried without a jury. Accordingly, we review the findings of fact made by the trial court *de novo*, with a presumption of correctness unless the preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are reviewed *de novo* and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

### IV. Statutory Provisions

The resolution of this case requires us to determine whether the trial court properly concluded that the Appellants were not entitled to an easement under Tennessee Code Annotated Section 54-14-101 or Section 54-14-102. Both Sections 101 and 102 of Chapter 14 provide for a private condemnation action of another's lands. Tennessee Code Annotated Section 54-14-101(a)(1) provides for a condemnation action "[w]hen the lands of any person are surrounded or enclosed by the lands of any other person or persons who refuse to allow to the person a private road to pass to or from the person's land…." ***Id.*** § 54-14-101(a)(1).

> Tennessee Code Annotated Section 54-14-102 provides:
> Any person owning lands, ingress or egress to and from which is…obstructed entirely from a public road or highway by the intervening lands of another, or who has no adequate and convenient outlet from the lands to a public road in the state, by reason of the intervening lands of another, is given the right to have an easement or right-of-way condemned and set aside for the benefit of the lands over and across the intervening lands or property.

***Id.***

### V. Analysis

Although the Appellants' petition was filed pursuant to Tennessee Code Annotated Section 54-14-101 *et seq.*, their brief heavily focuses on the language of Section 102 to argue that they are entitled to an easement or right-of-way. We surmise Appellants focus on the language of Section 102 because the trial court's order addresses Section 102 more explicitly than Section 101. The trial court found that "[b]ecause the [Appellants] have ingress and egress access which is adequate and convenient, they are not entitled to obtain an easement under Tenn. Code Ann § 43-14-101 et seq." The trial court further found that the Appellants "have an adequate and convenient access to their property to use the property for farming – the same use of the land prior to access over [the Appellee's] property." Because the Appellants' petition was filed pursuant to Tennessee Code Annotated Section 54-14-101 *et*

4

*seq*., we will analyze both statutes to determine whether the trial court was correct in finding in favor of the Appellees.

## A. Section 102

Appellants challenge the trial court's finding that they have adequate and convenient access to their property. They argue that because the only possible location for an easement that would provide adequate and convenient access for developing their property as an RV park is across the Appellees' lands, Tennessee Code Annotated Section 54-14-102 mandates that they are entitled to an easement or right-of-way. Appellees, on the other hand, argue that the Appellants have no right to condemn their property because they are not entitled to an easement solely for the purpose of making better use of their property.

Tennessee Code Annotated Section 54-14-102 is to be "'strictly construed against the right of the private individual to expropriate the private property of another.'" *Jones v. Ewell*, No. M1999-00883-COA-R3-CV, 2000 WL 298246, at *2, (Tenn. Ct. App. March 23, 2000) (quoting *Draper v. Webb*, 418 S.W.2d 775, 776 (Tenn. Ct. App. 1967)). While petitioners in a private condemnation action are entitled to the best use of their property, "they have no right to take [another's] property for such use…or any use but that authorized by the statute…." *Id.* (quoting *Vinson v. Nashville, C. & St. Louis Railway,* 321 S.W.2d 841, 844 (Tenn. Ct. App. 1958)).

The instant case is similar to *Draper v. Webb*. In *Draper*, private landowners planned to subdivide their property. *Id.*, 418 S.W.2d 775, 776. In order to obtain more convenient access to the section of the property that the petitioners planned to subdivide, the *Draper* Appellants sought to condemn a right-of-way over an adjoining landowner's property. *Id.* This Court concluded that, while the petitioners were entitled to make the best use of their property, the condemnation statute did not allow them to improve the use of their property by taking another's land if their existing access was adequate and convenient for the purposes for which the land was currently being used. *See Id.*

Although the *Draper* Court used an older condemnation statute, in *Jones v. Ewell* this Court applied the same reasoning to our current statute. *See Jones v. Ewell*, No. M1999-00883-COA-R3-CV, 2000 WL 298246 (Tenn. Ct. App. Mar. 23, 2000). In *Jones*, the petitioner sought a right-of-way in order to reach an otherwise inaccessible portion of his property. *Id.* at *2. The petitioner already had an adequate and convenient way to access another part of the property. *Id.* This Court noted that the party seeking condemnation was seeking to only "make better use of his property, specifically building in a different location." *Id.* at *2. Following the reasoning in *Draper*, this Court concluded that because the *Jones* petitioner already had adequate and convenient access to part of his property, Tennessee

5

Code Annotated Section 54-14-102 did not grant him the right to an easement. *See Id.* [2]

Both ***Draper*** and ***Jones*** are instructive in analyzing the instant case. Applying the holdings and reasoning of those cases here, we conclude that the trial court did not err in determining that the Appellants were not entitled to an easement or right-of-way pursuant to Tennessee Code Annotated Section 54-14-102. It is undisputed that by using the blacktop road the Appellees constructed, the Appellants can currently access their property for the purposes of farming. Furthermore, there is no evidence in the record to suggest that the Appellants have been denied access to their property for farming purposes. In fact, during Mr. Vise's testimony, when asked if "anybody, the TVA or [the Appellees], ever had any access denials by anyone for farming purposes," he answered "Not for farming purposes." It is also undisputed that the Appellants are seeking to make better use of their property by developing it as an RV park. As such, the evidence does not preponderate against the trial court's finding that the Appellants' have adequate and convenient access to their property for its current purposes. We, therefore, conclude that because landowners may not bring a condemnation action pursuant to Tennessee Code Annotated Section 54-14-102 solely to make better use of their property, the trial court correctly concluded that the Appellants were not entitled to an easement or right-of-way pursuant to Section 102.

## B. Section 101

Appellants' filed their condemnation action pursuant to Tennessee Code Annotated Section 54-14-101 as well. Essentially, the Appellants argue that the only option to develop their property as an RV park is to condemn the Appellees' property. Therefore, Appellants contend that the trial court erred when it found in favor of the Appellees. Appellees, on the other hand, argue that because the Appellants already have access, they cannot sustain their case pursuant to Tennessee Code Annotated Section 54-14-101.

As with Section 102, we must keep in mind that "legislation granting the power of eminent domain is to be strictly construed against the condemning authority and liberally construed in favor of the party resisting condemnation because the power of eminent domain operates in derogation of property rights." ***Midwestern Gas Transmission Co. v. Stephenson***, No. M2005-00826-COA-R3-CV, 2006 WL 461044, at *6 (Tenn. Ct. App. Feb. 24, 2006)(citing ***City of Chattanooga v. State***, 272 S.W. 432, 434 (Tenn. 1925)); ***Draper v. Webb***, 418 S.W.2d 775, 776 (Tenn. Ct. App. 1967)). When reading "statutory language that

---

[2] The legislative history of the statute supports this conclusion. "One private individual should not be able to condemn [his neighbor's land]" to build a subdivision. *Hearing on H.B. 2509 before the H. Jud. Comm.*, General Assembly, 105th Session (Tenn. 2008) (statement of Rep. Frank Buck, Chairman, H. Jud. Comm.).

is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." ***Eastman Chemical Co. v. Johnson***, 151 S.W.3d 503, 507 (Tenn. 2004). "[W]e presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by doing so." ***Lind v. Beaman Dodge***, 356 S.W.3d 889, 895 (Tenn. 2011). "When a statute is clear, we apply the plain meaning without complicating the task." ***Id.*** "Our obligation is simply to enforce the written language." ***Id.***

In reading the language of the statute, we note that the statute allows for a private condemnation action when a party's property is landlocked by persons "who refuse to allow to the person a private road to pass to or from the person's land…." Tenn. Code Ann. § 54-14-101(a)(1). Strictly construing the statute, we conclude that a refusal of access to property is a necessary element before a petitioner may bring a condemnation action pursuant to Tennessee Code Annotated Section 54-14-101. Here, the record establishes that the Appellants have not been refused access to their property. In fact, at trial, when Mr. Vise was asked "Has anybody, the TVA or [the Appellees], ever denied you access to your property?", he replied "Not for farming purposes." Because there is no evidence in the record that the Appellants have ever been denied access to their property, we conclude that they have not yet met the threshold requirement for a condemnation action pursuant to Tennessee Code Annotated Section 54-14-101.

Furthermore, it would be a nonsensical result to allow a petitioner to make better use of their land at the expense of another's property rights using Section 101, when Section 102 does not permit such a taking. Statutes that are "'in pari materia'—those relating to the same subject or having a common purpose—are to be construed together…." ***Graham v. Caples***, 325 S.W.3d 578, 582 (Tenn. 2010). "'[W]e must resolve any possible conflict between statutes in favor of each other, so as to prove a harmonious operation of the laws.'" ***Id.*** (quoting ***Cronin v. Howe***, 906 S.W.2d 910, 912 (Tenn. 1995)). Tennessee Code Annotated Sections 54-14-101 and 54-14-102 clearly relate to the same subject. To allow the taking of property to improve the use of such property under Section 101, when it is disallowed under Section 102, would not result in "harmonious operation of the laws." Therefore, in addition to the plain language of the statute, we conclude that the holding in ***Jones***, i.e., that a private condemnation action pursuant to Section 102 cannot be used to make better use of one's property, applies in equal force to Section 101. Therefore, because Appellants are only seeking to improve the use of their property, their condemnation action cannot be sustained.

Because the statutory requirement has not been met, and because a private condemnation may not be used to make better use of a property when access to the property is already established, we conclude that the trial court did not err in determining that the

Appellants are not entitled to their condemnation action under Section 101.

## VI. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are taxed to the Appellants, Stacy D. Vise, Tara Vise, Ricky Smith, Tina Smith, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE