## CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY *v.* FLEMING.

1. This court reversed the granting of an interlocutory injunction in this case. 118 *Ga.* 699. It was there held that the defendant in error had neither a grant nor a prescriptive right to use the way threatened to be obstructed. That decision is conclusive as to the law of the case upon these matters.
2. Before one can assert a way of necessity over the land of another, every essential requisite to such a right must affirmatively appear. Not only the necessity of ingress to and egress from his own land must exist, but it must further be alleged that there is no other suitable outlet, and a compliance with the constitutional provision as to adequate compensation first having been paid or tendered to the owner of the land sought to be subjected to the burden of such easement.
3. The petition failing to contain these necessary averments, a demurrer specifically making the objections should have been sustained.

Argued April 4, — Decided May 11, 1904.

Equitable petition. Before Judge Gary. Richmond superior court. May 17, 1903.

*W. K. Miller*, for plaintiff in error.
*W. H. Fleming*, contra.

EVANS, J. 1. James L. Fleming sought to enjoin the Charleston and Western Carolina Railway Company from obstructing a certain private way traversing its tracks. On the hearing for interlocutory injunction the court granted the same, and the railway company appealed said judgment to this court. A full synopsis of the pleadings and the evidence appears in the reported case. 118 *Ga.* 699. It was there decided that the plaintiff did not have a grant to the private way described in his petition; neither did he have a prescriptive right to use said private way. The legal principles therein announced must necessarily control in the present case, and only one question raised by the demurrer is left for determination, and that is, does the petition allege such facts as would entitle the plaintiff to the use of the private way as one of necessity?

2. The right of exclusive possession is one of the attributes of title to realty. This exclusiveness can not be restricted except in those instances authorized by law. One exception to the general rule of exclusive possession is where the owner of land, having no means of ingress to or egress from his own premises except by go-

ing over the land of another, will be permitted to cross the abutting land of a third person, under certain circumstances. To acquire such a right, the necessity must be shown not only to cross the land of the adjoining proprietor, but also that the selected place of crossing is the most suitable and accessible means of outlet, determined relatively to the servient as well as the dominant tenement. The owner of the servient tenement may assign a way reasonably convenient to both parties; and if he fails to do so, the person entitled to the way may select it. The adjacent proprietor may not be responsible for the isolation and inconvenience resulting from ownership of land off a thoroughfare. Therefore the convenience of the owner of the abutting land should at least be equal, if not superior, to the convenience of his land-locked neighbor; and as one of the precedent conditions to a way of necessity at a particular place, it should appear that the abutting landowner would at least suffer no more injury from its location at the designated place than at some other place. The assertion of the right of way from necessity is near akin to the assertion of the right of eminent domain. The constitution of this State expressly recognizes the right of way from necessity, but with the limitation that adequate compensation shall first be made. If the parties can not agree either as to the location or compensation, resort may be had to condemnation proceedings. Surely no man has a right to impose a servitude upon his neighbor's land without just compensation.

3. In the case before us, the defendant in error seeks to retain a private way over the land of the plaintiff in error. He has neither grant nor prescription to the particular crossing, but seeks to enjoin the railway company from closing up its own property, because he would be hemmed in and cut off from any highway. He does not allege, however, that this is the most suitable way of ingress and egress, having due regard to the rights of the railway company. Neither does he allege a tender of adequate compensation or any attempt to condemn the land to this servitude. The petition lacking these essential allegations, the demurrer should have been sustained. Accordingly, the judgment of the court overruling the demurrer is

*Reversed. All the Justices concur, except Lamar, J., disqualified.*