George VISSERING, Appellant,

v.

W. G. GRANBERRY, Appellee.

No. 7267.

Court of Civil Appeals of Texas.

Texarkana.

March 14, 1961.

Rehearing Denied April 11, 1961.

Brown & Brown, Texarkana, Aubrey Robison, Daingerfield, for appellant.

Russell & Perkins, Mt. Pleasant, for appellee.

DAVIS, Justice.

Suit was filed in the District Court of Morris County by plaintiff-appellee, W. G. Granberry, the successor in title to a 25 x 70 foot lot of the First State Bank of Naples, and successor in title to a one-third undivided interest in and to a 5 x 70 foot lot adjoining the 25 x 70 foot lot on the east, against defendant-appellant George Vissering, who was successor in title to two-thirds of the 5 x 70 foot lot of J. C. Martin and children. The suit was to establish an easement over appellant's land; and, in alternative pleadings: (1) That the land be declared to be a part of the street of the City of Naples; (2) that the same be partitioned in kind by a sale of said 5 foot strip; and, (3) in the event the court should find that the appellant was entitled to the possession of his interest in the 5 x 70 foot lot, that the appellee be permitted to remove the archway and roof from over the lot.

In his answer, the appellant denied the allegations in the appellee's petition; alleged the exceptions in the deed; by way of consideration for the purchase price of the 25 x 70 foot lot, Martins paid for the construction of the archway and roof over the 5 x 70 foot lot; that the actual cash value of the property connected to the Bank building to be a minimum of $6,000; and, the appellee should be awarded one-third of said property, and appellant be awarded the other two-thirds.

The facts of the case as plead and produced on trial are as follows: On June 11, 1925, J. C. Martin and his children, viz., J. W. Martin, Miss Fay Martin, and Mrs. Felice Martin King were the owners of Lot 7 in Block 2 in the City of Naples. Said lot being 30 feet wide east and west, and fronting south on Main Street. The lot ran 140 feet north along Walnut Avenue, same being a corner lot. On said date, J. C. Martin and children conveyed to the First State Bank of Naples a lot or strip of land 25 feet wide east and west, facing south on Main Street, and 70 feet long running north off of the south part of said lot, said lot being off of the west side of the 30 foot lot, leaving title in grantors to the north one-half of said lot and a 5 x 70 foot lot along the east side of the lot conveyed. The deed from Martin and children contained seven exceptions and reservations, and conveyed no easement over the strip of land 5 x 70 feet which was not conveyed to the Bank. In fact, no easement was mentioned.

The reservations and exceptions of the deed are as follows:

"But this sale and conveyance is made subject to the exceptions, reservations, conditions and agreements hereinafter set forth, the same being part of the consideration herein;

"1.   The grantee herein the First State Bank of Naples, Texas, agree to construct on the lot herein conveyed to it as soon as practicable a one-story brick building.

"2.   It is agreed that Grantors herein shall have the right to construct upon the one story building so erected by the grantee an additional story, using the building of the grantee as a foundation for said additional one story.

"3.   That the title to all the air and space above the one story erected by grantee herein does not pass to grantee herein, but is retained and reserved by the Grantors herein.

"4.   That the brick wall now owned by Grantors and located on the West B. line of the lot herein conveyed passes to Grantee.

"5.   That Grantors shall have the right now and hereafter to connect to and use the North wall to be erected by Grantee in any construction that Grantors may undertake on the remaining portion of Lot No. 7.

"6.   That in case of the removal of destriction of the building to be hereafter erected by Grantee on said lot, that in the event of re-construction on same by its heirs, successors or assigns, such reconstructed building shall be of brick and shall be so constructed as to safely bear and support an additional one-story should grantors desire to build on same.

"7.   That the conditions, exceptions, reservations and agreements stipulated herein shall bind the heirs, legal representatives successors, and assigns of all parties hereto."

The evidence shows that a building was built on the 25 foot lot for the purpose of operating the First State Bank of Naples. Title of the bank property was conveyed to the Farmers State Bank by deed dated February 19, 1927. Prior to June 4, 1929 the Bank had failed and the building on the lot was conveyed to W. G. Farrier. On June 6, 1929 W. G. Farrier conveyed the lot to A. B. Galloway. Mr. Galloway died November 23, 1940, and Mrs. Galloway died on June 19, 1950. The building was then conveyed by R. E. Moore, et al., individually and as agents and attorneys-in-fact to Mamie F. Farrier, in trust, by deed dated March 10, 1953. On August 23, 1957 a deed from R. E. Moore and Mamie F. Farrier, trust officers of the Mamie F. Farrier Trust conveyed the building to W. G. Granberry.

On July 1, 1958, Fay Martin Floyd and Felice Martin King conveyed the two-thirds interest that they owned in the 5 x 70 foot lot and the air space over the 25 x 70 foot lot to appellant. On July 8, 1959, J. W. Martin conveyed his undivided one-third interest in said 5 x 70 foot lot, to appellee.

The case was tried before a jury, and throughout the trial the appellant testified to an interest in and to two-thirds of the 5 x 70 foot lot and two-thirds interest in and to the air above the 25 x 70 foot lot. When the appellee took his deed to the 5 x 70 foot lot, he took a deed to a one-third of the lot and one-third of the air rights above the 25 x 70 foot lot. Throughout the trial of the case there was testimony about the interest to the air rights above the building on the 25 x 70 foot lot. J. C. Martin and children reserved the right in this deed to the bank to build a building on the top of the bank building. This is the first time in legal jurisprudence that we have been confronted with a partition suit whereby the right to build a building

above another building has been involved. There was conflicting testimony offered at the trial that the property could be divided. The only evidence offered by the appellee was the use of the 5 foot strip with permission of the Martins and the appellant. He did not prove a right of easement as a matter of law. The lot conveyed to the Bank has an opening on Main Street. The Martins reserved the 5 foot strip on the east side of the building. On one occasion they rented a man a portion of the 5 foot strip to put in a hamburger and popcorn stand. On another occasion, permission was granted to a telephone company to put a telephone booth on it. One of the occupants of the 25 x 70 foot building wanted to put in an air conditioner in one of the windows out over this 5 foot strip. He consulted the Mayor, and the Mayor told him that the lot was owned by the Martins, and he would have to get permission from them. This he did.

■ Appellee takes the position that he will lose the use of the back part of the building unless he can continue to cross this 5 foot strip. According to the holdings of the courts of this state, such is not the law: Holland v. State of Texas et al., Tex.Civ.App., 308 S.W.2d 122, wr. ref., n. r. e.; City of Houston v. Roberson et al., Tex.Civ.App., 195 S.W.2d 674; City of Gilmer v. Moyer, Tex.Civ.App., 181 S.W. 2d 1008, n. w. h.; Gill v. Pringle, Tex.Civ. App., 224 S.W.2d 525, err. ref.; Hollingsworth et al. v. Williamson et al., Tex.Civ. App., 300 S.W.2d 194, w. r., n. r. e.; Duff v. Matthews et al., 158 Tex. 333, 311 S.W. 2d 637; 15–B Tex.Juris. 317, Sec. 51; 28 C.J.S. Easements § 18, p. 662.

■ There was much evidence about the bank building the awning out over the 5 foot strip, but there was positive testimony that Martin required that as part of the purchase price. There was evidence offered that by a partition of the 5 foot strip the owner of the building would lose the benefit of the windows, and in the event the whole 5 foot strip was converted to use by someone it would damage the back part of his building. The testimony should not have been admitted in evidence because the 25 x 70 foot lot was not a corner lot, and such damages are not recoverable against the party owning the corner lot.

The jury found that the property could be partitioned in kind. We have our serious doubts about the partitioning of the property above the 25 x 70 foot building. There is no question but what the 5 x 70 foot lot can be partitioned.

The appellant has brought forward four points of error in which he complained of the action of the trial court in not entering judgment on the jury verdict; that it erred in granting a judgment non obstante veredicto, that the evidence was insufficient to establish an easement over appellant's property, and the evidence is sufficient to support the jury's finding that the property can be partitioned. Each of the points has merit. Apparently the jury was thinking about the 5 x 70 foot lot, not about partitioning the air above the 25 x 70 foot lot. This is only a surmise, but there is not sufficient evidence in the record to show how the air space above the building can be equitably partitioned.

■ We find and hold that the air space above the 25 x 70 foot building is owned jointly with the 5 x 70 foot lot in question. To partition the air space above the building, under the facts in this case, would be impossible. When the Martins reserved the right to build a building (one building) above the bank building, there was no provision for the partitioning of the same in the future. Since this air space is coupled with the ground space, and is owned jointly by the appellant and the appellee, we hold that none of it can be partitioned except by a sale. By sale, we mean to sell the 5 x 70 foot ground space, plus the air rights over the other building. As heretofore stated, this is the first case in Texas for the partitioning of such property.

In 68 C.J.S. Partition § 23, p. 35, such a partition is noted. Townes et al. v. Cox, 162 Tenn. 624, 39 S.W.2d 749. In this case a man owned a lot. He sold one-half interest in same to another and reserved the right to build a building on the lot, and conveyed the right to build a building on top of his building to the other person. The court held that the property could be partitioned by being sold. Such are the facts as we find them in this case.

For the reasons hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.