543 P.2d 138

Ella PORTER, a widow, and James R. Pryor, a single man, Appellants,

v.

Oliver H. GRIFFITH and Josie Griffith, his wife, Appellees.

No. I CA–CIV 2789.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 9, 1975.

Behrens MacLean & Jacques by John K. Graham, Phoenix, for appellants.

Biaett & Bahde by Kenneth Biaett, Phoenix, for appellees.

OPINION

OGG, Presiding Judge.

The issue in this case is whether the facts justify the granting of an easement by implication. Both parties filed motions for summary judgment which resulted in a

judgment granting the plaintiffs/appellees Oliver H. Griffith and Josie Griffith an easement sixteen feet in width along the east side of the property owned by the defendants/appellants Ella Porter and James R. Pryor.

Defendants appeal this judgment, alleging that it was error for the trial court to grant the plaintiffs an easement by implication over their property.

The present situation can best be illustrated by a sketch showing the tract of land in question and how the various conveyances of parcels of land within the tract worked to change the ownership of the different parcels over the years.

1944 - Original grantors Juan and Apolonia Hidalgo acquired property

1948 - 1950 - In a series of conveyances Juan Hidalgo conveyed Parce #1 to his son Christopher Hidalgo

1950 - Juan Hidalgo conveyed Parcels #2 and #3 to his son John R. Hidalgo

1953 - John Hidalgo conveyed Parcel #3 to Harold and Mamie Smith

1971 - Christopher Hidalgo conveyed Parcel #1 to Ella Porter

1972 - John Hidalgo conveyed Parcel #2 to Oliver and Josie Griffith, the plaintiffs

Looking at the sketch and the accompanying list of conveyances, one can see that the parcels of land owned by the plaintiffs and defendants were originally owned by Juan Hidalgo, the owner of the whole tract until 1948. Juan Hidalgo conveyed different parcels within the tract to his two sons, John and Christopher Hidalgo; John subsequently becoming the plaintiffs grantor and Christopher the defendants' grantor.

We have found no cases in Arizona which discuss easements by implication and we thus look to other sources of law. The essential elements of an easement by implication are set out in *Wetmore v. Ladies of Loretto, Wheaton,* 73 Ill. App.2d 454, 220 N.E.2d 491 (1966), as follows:

"(1) The existence of a single tract of land so arranged that one portion of it derives a benefit from the other, the division thereof by a single owner into two or more parcels, and the separation of title; (2) before the separation occurs, the use must have been long, continued, obvious or manifest, to a degree which shows permanency; and (3) the use of the claimed easement must be essential to the beneficial enjoyment of the parcel to be benefited." (Citations omitted)

In addition to these three requirements, an implied easement can only be made in connection with a conveyance; that is, an implied easement is based on the theory that whenever one conveys property he includes or intends to include in the conveyance whatever is necessary for its beneficial use and enjoyment. 25 Am.Jur.2d *Easements* § 24 (1966). Whether an easement arises by implication depends on the intent of the parties which must clearly appear to sustain an easement by implication. *Peet v. Schurter,* 142 Cal.App.2d 237, 298 P.2d 142 (1956); 28 C.J.S. *Easements* § 30 (1941).

Looking at the circumstances in the present case, the plaintiffs do not meet the requirements necessary for an easement to be implied over the defendants' property. The plaintiffs bought their parcel from John Hidalgo one year after the defendants had bought theirs from Christopher Hidalgo. Second, the defendants could never have intended an easement over their land since they were never in privity with the plaintiffs as to any conveyance. In *Boyd v. McDonald,* 81 Nev. 642, 408 P. 2d 717 (1965), the court stated:

"We emphasize that an easement by implication is, in effect, an easement created by law. It is grounded in the court's decision that as to a particular transaction in land, the owner of two parcels had so used one to the benefit of his other that, on selling the benefited parcel, a purchaser could reasonably have expected, without further inquiry, that these benefits were included in the sale."

The plaintiffs' parcel became landlocked when the grantor, John Hidalgo, sold parcel #3 to the Smiths in 1953. At that time John Hidalgo reserved no easement over parcel #3 nor over parcel #1, which is now owned by defendants. There is no evidence before us to indicate that John Hidalgo ever used defendants' parcel to his benefit. The plaintiffs, when purchasing their parcel from John Hidalgo, had no right to expect that an easement was implied over the defendants' property when the defendants were strangers to that transaction.

Although the matter was never presented in this case, the appellees may have a remedy through the condemnation of a private way of necessity pursuant to §§ 12–1201 and 12–1202 of the Arizona Revised Stattutes,

Reversed.

DONOFRIO and FROEB, JJ., concur.