592 P.2d 387

CHANDLER FLYERS, INC., an Arizona Corporation, and James B. Torbert and Catherine B. Torbert, his wife, d/b/a Chandler Flyers, Appellants,

v.

STELLAR DEVELOPMENT CORPORA-TION, an Arizona Corporation, Appellee.

No. 1 CA–CIV 3944.

Court of Appeals of Arizona, Division 1, Department B.

March 6, 1979.

Yankee, Bernstein & Lutich by James A. Yankee, Phoenix, for appellants.

Norris D. Walter, Chandler, for appellee.

## OPINION

SCHROEDER, Presiding Judge.

Appellant, Chandler Flyers, Inc., is the owner of a parcel of land located in a project being developed for commercial and residential purposes by the appellee, Stellar Development Corporation. The project is designed as a "fly-in" development with airport, runway and hangar facilities for residents who commute to and from their homes by means of small aircraft. Appellant wishes to operate a flight school and airplane sales center on its tract and seeks an easement of necessity over appellee's property for aircraft access to the runway and airport facilities. This is an appeal from the trial court's denial of such an easement.

Appellant's tract is zoned for commercial purposes and is adjacent to a highway providing access by motor vehicle. It is also adjacent to a small taxiway leading to the main runway of the development. By virtue of deed restrictions and covenants, however, use of that taxiway is limited to owners of abutting residential properties. In a related action appellant has been enjoined from utilizing that taxiway. No appeal has been taken from that injunction, and it has become final.

Appellant now seeks an easement over other land, owned by appellee, for the purpose of providing aircraft access from the

**554**

runway to appellant's tract. Appellant seeks to bolster his position by references to certain prior usage suggesting that an easement over the taxiway was intended. However, in view of the finality of the injunction barring appellant's use of the taxiway, no such questions of contractual intent are before us. The sole question is whether the appellant is entitled to an easement implied by necessity for access to the property by airplane as well as by motor vehicle. We affirm the trial court's denial of the easement.

 As both parties recognize, the standard for imposing an easement of necessity is whether such an easement is required in order to provide reasonable access to the property. *See Solana Land Co. v. Murphey*, 69 Ariz. 117, 125, 210 P.2d 593, 598 (1949), construing Arizona's statutory private way of necessity provisions, A.R.S. §§ 12–1201 and 1202.[1] Absolute necessity is not required. The owner need not show that without the easement there is no access whatsoever to the property. Indeed in an age of helicopters and parachutes, virtually all property is accessible in some manner. As motor vehicles have become the predominant form of transportation, courts have recognized that an easement of necessity for overland access may be imposed even though there is other access by navigable waters. *E. g., State v. Deal*, 191 Or. 661, 233 P.2d 242 (1951); 9 A.L.R.3d 600. The standard set forth in the Restatement, Property, § 476, p. 2984, is that an easement of necessity will be implied if "without it the land cannot be effectively used."

Courts have denied easements of necessity where there was reasonable access to the property even in situations where denial of the easement caused considerable hardship. *E. g., Lancaster v. City of Columbus*, 333. F.Supp. 1012 (N.D.Miss.1971); *Miller v. Edmore Homes Corp.*, 285 App.Div. 837, 137 N.Y.S.2d 324 (1955); *Vissering v. Granberry*, 344 S.W.2d 898 (Tex.Civ.App.1961); *Fones v. Fagan*, 214 Va. 87, 196 S.E.2d 916 (1973).

In the instant case, there is access to appellant's property by means of a public highway. Although transportation by private plane is becoming more common, we cannot say as a matter of law that a property owner is entitled to aircraft access in order to make reasonable use of his property. There is no evidence in this record that the property cannot be effectively used absent air access. At best, the record reflects that the property cannot be used for the particular purpose desired by the appellant without such access, but that showing is not sufficient to justify imposition of an easement of necessity.

Accordingly, the judgment of the trial court is affirmed.

OGG, C. J., and JACOBSON, J., concurring.

---

1. Neither of the parties has raised the applicability of these statutes which provide for a private way of necessity by condemnation.