608 P.2d 81

Barney GULOTTA and Viola Gulotta, husband and wife, and Joseph Scaturro and Judith Scaturro, husband and wife, Plaintiffs/Appellees,

v.

Gary L. TRIANO and Mary E. Triano, husband and wife, Defendants/Appellants.

No. 2 CA–CIV 3400.

Court of Appeals of Arizona, Division 2.

Jan. 21, 1980.

Rehearing Denied Feb. 19, 1980.

Review Denied March 4, 1980.

Law Offices Hirsch & Lindamood, P. C. by Gerald B. Hirsch, Tucson, for plaintiffs/appellees.

Russo, Cox, Dickerson, Cartin & Sylvester, P. C. by Thomas G. Cox and Karl MacOmber, Tucson, for defendants/appellants.

OPINION

RICHMOND, Judge.

The question on this appeal is whether one who has landlocked his property by voluntary alienation of a means of ingress and egress may thereafter acquire a private way of necessity over other land by condemnation under A.R.S. § 12–1202.

Plaintiffs owned and operated a delicatessen fronting on Tanque Verde Road in Tucson. The business was located on a parcel of land extending south and to the west behind a liquor store next door to the delicatessen. On September 27, 1976, they entered into a written agreement to sell the delicatessen and so much of the land as lay north of the extended south boundary of the adjoining liquor store property. The agreement provided:

3. It is understood that as a part of this sale the Buyers shall grant and convey a 15 ft. easement on the west side of the property they are purchasing to BARNEY GULOTTA and VIOLA R. GULOTTA, his wife and JOSEPH SCATURRO

and JUDITH SCATURRO, his wife for the purposes of ingress and egress.

On the same date they conveyed the delicatessen property and received a deed of easement over the west 15 feet that stated in part:

The purpose of this easement is to provide ingress and egress from Tanque Verde Road, Tucson, Pima County, Arizona to the two parcels owned by the above-named grantees and legally described on Exhibit B attached hereto and made a part hereof.

This easement shall terminate at such time that there is ingress and egress from Grant/Kolb Road presently under construction to the real property described on Exhibit B attached hereto. The Grantees cannot convey their interest in the real property described on Exhibit B attached hereto to any other party except as between themselves until such time as there is ingress and egress from Grant/Kolb Road presently under construction to the property described on Exhibit B.

The various parcels appear somewhat as follows:

The cross-hatched portion on the left represents an irregular parcel owned by defendants. In this action plaintiffs seek a private way of necessity over the south 40 feet of defendants' property, a triangular easement comprising only 122 square feet. The trial court found in favor of plaintiffs and in its judgment decreed the easement upon payment of $488. The latter amount is based on appraisal testimony and is not disputed on appeal. Defendants contend, however, that plaintiffs cannot condemn a way of necessity because they already have access to Tanque Verde Road over the 15-foot easement, or because they voluntarily abandoned such access.

■ Plaintiffs answer the first contention by pointing to the undisputed testimony of Barney Gulotta that the buyers of the delicatessen refused at the closing to go through with the sale if required to deed back a permanent easement. It was then agreed orally that the easement would terminate in two years or upon completion of Kolb Road, if that occurred sooner. Unambiguous terms of the written easement may not be modified by parol, however. *French v. Brinkman*, 60 Cal.2d 547, 35 Cal.Rptr. 289, 387 P.2d 1 (1963). The parol evidence rule is a doctrine of substantive law and not merely an exclusionary rule of evidence. *Ness v. Greater Arizona Realty, Inc.*, 117 Ariz. 357, 572 P.2d 1195 (App.1977).

Even if the 15-foot easement has not terminated, plaintiffs argue, absolute necessity is not a requirement for condemnation under § 12–1202. They rely on *Solana Land Co. v. Murphy*, 69 Ariz. 117, 210 P.2d 593 (1949), holding that a landowner need only show reasonable necessity, such as an inadequate outlet, to condemn a right-of-way across intervening land to a public road. They contend the 15-foot easement through the delicatessen parking lot is so inadequate as to make the private right-of-way they seek reasonably necessary.

■ In view of the negligible taking involved here, we might be disposed to defer to the trial court's discretion in finding for the plaintiffs on the question of necessity, *see Cienega Cattle Co. v. Atkins*, 59 Ariz. 287, 126 P.2d 481 (1942), if it were not for their voluntary sale of the delicatessen property. A landowner may not acquire a way of necessity over another's property after he has voluntarily cut off an alternate means of access to his own property. *See Lankin v. Terwilliger*, 22 Or. 97, 29 P. 268 (1892).

**146**

The apparently minimal prejudice to the defendants in this case is not the test. As pointed out in *Cienega Cattle Co.*, supra, Section 17, Article 2, of the Constitution of Arizona authorizing condemnation of a private way of necessity is taken from the constitution of the state of Washington and decisions from that state are persuasive in construing the section. Defendants' right not to have their property condemned except under circumstances authorized by law is constitutional and should not be lightly regarded or swept away merely to serve convenience and advantage. *Dreger v. Sullivan*, 46 Wash.2d 36, 278 P.2d 647 (1955). *See also Charleston & Western Carolina Railway Company v. Fleming*, 119 Ga. 995, 47 S.E. 541 (1904). A statute giving a landlocked owner the right to a way of necessity over the lands of a stranger is in derogation of the common law and as such is strictly construed. *State ex rel. Carlson v. Superior Court*, 107 Wash. 228, 181 P. 689 (1919).

It is obvious from the terms of the agreement for the sale of the delicatessen property that plaintiffs appreciated the danger of losing access to the property they retained. Whether they terminated or merely limited their right of ingress and egress in order to complete that sale, they did so voluntarily without first obtaining an alternative access way. The necessity, if any, for a right-of-way across defendants' property was created by their own voluntary act. For that reason alone they are not entitled to the extraordinary remedy afforded by § 12–1202.

The judgment is reversed with directions to enter judgment in favor of defendants.

HATHAWAY, C. J., and HOWARD, J., concurring.