819 P.2d 957

**Robert Bruce BICKEL and Patricia Bickel, husband and wife; and Southwest Designs By R. Bruce, Inc., an Arizona corporation, Plaintiffs/Appellees,**

**v.**

**Irwin H. HANSEN, Trustee of the Irwin H. Hansen Marital Trust, as created by the Irwin H. Hansen Family Trust dated December 27, 1973; James L. Hansen and Janette Pearl Prizer Hansen, husband and wife; E. Roger Hansen and Connie Marie Holbert Hansen, husband and wife; David S. Hansen and Mary Ann Gray Hansen, husband and wife; Hans V. Hansen and Karen Marcia Jeppesen Hansen, husband and wife; Don L. Hansen and Susan Denise Rupert Hansen, husband and wife, Defendants/Appellants.**

No. 2 CA–CV 91–0015.

Court of Appeals of Arizona, Division 2, Department B.

March 19, 1991.

Reconsideration Denied April 18, 1991.

Review Denied Nov. 5, 1991.*

---

* Feldman, V.C.J., of the Supreme Court, voted to grant review.

Colarich & Barker by Paul W. Colarich, Pinetop, for plaintiffs, appellees.

Mangum, Wall, Stoops & Warden by Charles H. Apt, III, Flagstaff, for defendants, appellants.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from a judgment granting the condemning of a private way of necessity. The determinative issue is whether the trial court erred in finding that the appellees (Bickel) did not already have reasonable access to their property by means of an implied way of necessity. We find that it did and reverse.

## FACTS

Bickel owns 20 acres of land in Navajo County, Arizona. It was originally part of a larger tract of land known as Jaques Ranch. The original U.S. patent to the property of which the Bickel land is a small part, was issued in 1890 to William Morgan and by various deeds down through the years the entire property came into the possession of the Thompsons in 1955. In 1960, the Thompsons carved out 20 acres from their holdings and conveyed it to Frederick Rachiele. This resulted in the 20 acres being landlocked. In 1988, Rachiele deeded the 20 acres to Bickel who intends to sell 10 acres and to put his own summer home on the remaining 10 acres.

When Thompson deeded the property to Rachiele there was located on the Thompson property a two-track road within 100 yards of the 20 acres. This road went north through the Thompson property and ran into a public forest service road on the Thompson property which was also used by Navapache Electrical Cooperative for access to a power line. Hansen testified that the two-track road had been in existence for 50 years and that he had used it off and on to access his property.

The Hansen property lies west of the Bickel property. It was never part of the Jaques Ranch and has been used for livestock grazing for over 50 years. Bickel proposed and the trial court condemned, a private way of necessity for a roadway and power line over the Hansen property to a point where it intersects with a public road, approximately one-quarter of a mile from the Bickel property. There was also an existing power line at this roadway.

Concluding that Bickel was entitled to judgment, the trial court stated:

The Court finds that the meandering road to the northeast of Plaintiffs['] property is not a public road, has not serviced Plaintiffs['] property and has not been used as a power easement.

The Court assumes that about 1960 when the Jaques property, then owned by Thompson, was broken up into smaller pieces, the smaller parcels, including that now owned by Plaintiff, could have asserted an implied easement across the dominant estate. There is no evidence that any previous owner sought to establish such an easement. The Court concludes that nearly thirty (30) years and several owners later the likelihood of Plaintiff being able to establish such an easement is so remote that the Court deems such an easement to be nonexistant [sic].

## I.

■ The right to take private property for private ways of necessity is derived from art. 2, Sec. 17 of the Constitution of Arizona as implemented by A.R.S. §§ 12–1201 et seq. A private way of necessity includes a right-of-way for power lines. A.R.S. § 12–1201. In *Gulotta v. Triano,* 125 Ariz. 144, 608 P.2d 81 (App.1980), we noted that decisions from the State of Washington are persuasive in construing this provision of our constitution. We further observed that a person's right not to have their property condemned except under circumstances authorized by law is constitutional and should not be lightly regarded or swept away merely to serve convenience and advantage.

A leading case on the subject of private ways of necessity is the case of *Solana Land Co. v. Murphey,* 69 Ariz. 117, 210 P.2d 593 (1949). There the court stated:

> Furthermore, for a landowner to condemn a right-of-way across intervening land to a public road, he need not show that he has no outlet, but only that he has no adequate and convenient one. [Citation omitted.] In other words the condemnor need not show an absolute necessity for the taking, a reasonable necessity being sufficient. [Citations omitted.]

*Id.* at 125, 210 P.2d at 598.

## II.

What is "adequate and convenient access" as used in the *Solana* case? The answer is revealed through an examination of the case relied upon in *Solana* for this proposition of law, *Brady v. Correll,* 20 Tenn.App. 224, 97 S.W.2d 448 (1936). In *Brady* the only way to get to the landowner's property with machinery and farm products was by ferry or boat across the Nolachuckey river. The evidence was that this route was never very satisfactory and resorted to only because of necessity. The court in *Brady* held that this was not adequate and convenient access.

■ In the case sub judice, the Hansens contend that there was access by means of an implied way of necessity to the forest service road. Bickel argues that even if there was such an easement, it was entitled to condemn a private way across the Hansen property because the route to the forest service road was twice as long, was meandering, and would cost more. We do not agree with Bickel. While it may be convenient and advantageous to obtain the Hansen land, such reasons cannot form the basis for the taking of private property. *Gulotta v. Triano,* supra. We believe that reasonable access is provided if there exists an implied way of necessity to the forest service road.

## III.

■ We next address the issue of the implied way of necessity. Under the common law, where land is sold that has no outlet, the vendor by implication of the law grants ingress and egress over the parcel to which he retains ownership, enabling the purchaser to have access to his property. *Hellberg v. Coffin Sheep Company,* 66 Wash.2d 664, 404 P.2d 770 (1965). Establishment of an implied way of necessity is dependent on a unity of ownership of the dominant and servient estates, followed by a severance thereof. A way of necessity results from the application of the presumption that whenever a party conveys property he conveys whatever is necessary for the beneficial use of that property and retains whatever is necessary for the beneficial use of the land he still possesses. *Hellberg v. Coffin Sheep Company,* supra. All that is required is that there be a reasonable necessity, *Chandler Flyers, Inc. v. Stellar Development Corp.,* 121 Ariz. 553, 592 P.2d 387 (App.1979), and a way of necessity can be implied only when the necessity existed at the time of the original severance of the estates. *Close v. Rensink,* 95 Idaho 72, 501 P.2d 1383 (1972).

■ Citing *Porter v. Griffith,* 25 Ariz.App. 300, 543 P.2d 138 (1975), both

parties discuss in their briefs whether there had been a long, continuous use of the two-track road prior to the grant by Thompson, i.e., prior to the separation of the estates. Porter, however, which involved a landlocked piece of property, fails to distinguish between implied way and implied easements of necessity. The court stated, that one of the essential elements of an easement by implication was "... (2) before the separation occurs, the use must have been long, continued, obvious or manifest, to a degree which shows permanency; ..." Id. at 302, 543 P.2d at 140. Although the result in *Porter* was correct, we believe that the referenced requirement was incorrect. Questions regarding the permanency, apparency, and continuity of servitude, which are important in connection with easements implied on severance of property, because use has been imposed on one part for the benefit of another part, are not applicable to typical ways of necessity. *Palmer v. Palmer*, 150 N.Y. 139, 44 N.E. 966 (1896). There is a definite distinction between an easement and a way of necessity, mainly because a way of necessity does not rest on a preexisting use but on the need for a way across the granted or preserved premises. *Reese v. Borghi*, 216 Cal.App.2d 324, 30 Cal.Rptr. 868 (1963); *Adams v. Cale*, 48 N.J.Super. 119, 137 A.2d 92 (1957); *Pritchard v. Scott*, 254 N.C. 277, 118 S.E.2d 890 (1961); *Barrick v. Gillette*, 187 S.W.2d 683 (Tex.Civ.App.1945). Thus, an implied way of necessity over the lands retained by Thompson did not depend upon the existence of the two-track road.

### IV.

■ The trial court believed that failure to assert or use a way of necessity after the severance of the property by Thompson somehow vitiated its existence. We do not agree. There once having been a unity of title, the right to a way of necessity may lie dormant through several transfers of title and yet pass with each transfer as appurtenant to the dominant estate and be exercised at any time. *Blum v. Weston*, 102 Cal. 362, 36 P. 778 (1894); *Calhoun v. Ozburn*, 186 Ga. 569, 198 S.E. 706 (1938); *Finn v. Williams*, 376 Ill. 95, 33 N.E.2d 226 (1941).

### V.

■ A statutory way of necessity comes into existence only if no other access exists by common law implication. Where an implied way of necessity exists, the statutory way of necessity does not exist because the purportedly landlocked land is not, in fact, hemmed in. *Parham v. Reddick*, 537 So.2d 132 (Fla.App.1988). See also *Hellberg v. Coffin Sheep Company*, supra; *Fortenberry v. Bali*, 668 S.W.2d 216 (Mo.App.1984); *Moore v. White*, 159 Mich. 460, 124 N.W. 62 (1909).

Because the Bickels are charged with proving reasonable necessity, the burden of proof includes proof that no implied easement of necessity existed. *Roberts v. Smith*, 41 Wash.App. 861, 707 P.2d 143 (1985). The Bickels failed to sustain this burden of proof and the trial court erred in awarding judgment in their favor.

The judgment is reversed and remanded to the trial court which is directed to enter judgment in favor of the Hansens.

FERNANDEZ, C.J., and JAMES C. CARRUTH **, J., concur.

■

** A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Court of Appeals, Division Two, pursuant to

Arizona Supreme Court Order filed July 25, 1990.