NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FRED M. MCEUEN, SR., et al., *Plaintiffs/Appellees,*

*v.*

REX M. CHRISTENSEN, et al., *Defendants/Appellants.*

No. 1 CA-CV 20-0076
FILED 12-24-2020

Appeal from the Superior Court in Yavapai County
No. P1300CV201800862
The Honorable John David Napper, Judge
The Honorable David L. Mackey, Retired Judge

**AFFIRMED**

COUNSEL

Combs Law Group, P.C., Phoenix
By Charles H. Oldham, Christopher A. Combs
*Counsel for Plaintiffs/Appellees*

The Kozub Law Group, P.L.C., Phoenix
By Richard W. Hundley
*Counsel for Defendants/Appellants*

_____

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

_____

**W I L L I A M S**, Judge:

¶1         Rex and Loni Christensen ("Christensens") appeal the grant of summary judgment in favor of Fred and Valerie McEuen ("McEuens") finding the Christensens have no implied easement or statutory private right of way over the McEuens' property to access their own. For reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2         The McEuens own a parcel of land in Yavapai County, which is contiguous to an unimproved parcel of land owned by the Christensens. Along the southern boundary, both parcels are bordered by East Poland Road, a public dirt road. The two parcels were part of a unified parcel owned by a single owner until 1991, when the unified parcel was split into two smaller parcels. The Christensens contend that, before and after the split, access to their parcel was accomplished through an unimproved dirt roadway that also served as an easement for Arizona Public Service. The unimproved dirt roadway is accessed from East Poland Road and cuts through the McEuen parcel on to the Christensen parcel. In July 2008, when the McEuens purchased their parcel, they blocked any access to the unimproved dirt roadway by installing a new lock on an existing gate that has remained continuously in place. Since then, the Christensens have been unable to access their property through the unimproved roadway.

¶3         More than ten years later, in September 2018, the McEuens sued the Christensens to quiet title to their property claiming the Christensens held no valid easement over the McEuens' property. The Christensens filed a counterclaim alleging the existence of either an implied easement of necessity, an easement implied on severance, or a statutory private way of necessity over the McEuens' property.

¶4         Both parties moved for summary judgment. The superior court granted the McEuens' motion, barring any interest the Christensens

may have had in accessing their own property over the unimproved roadway on the McEuens' land. The Christensens timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

**¶5**        We review a grant of summary judgment de novo. *Chalpin v. Snyder*, 220 Ariz. 413, 418, ¶ 17 (App. 2008). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "We view the facts and any inferences drawn from those facts in the light most favorable to the party against whom judgment was entered." *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 199, ¶ 15 (App. 2007).

*I.*        *Implied Easement of Necessity*

**¶6**        Under common law, an implied easement of necessity, also referred to as an "implied way of necessity," *Coll. Book Ctrs., Inc. v. Carefree Foothills Homeowners' Ass'n*, 225 Ariz. 533, 541, ¶ 29 (App. 2010), exists "where land is sold that has no outlet, [and] the vendor by implication of the law grants ingress and egress over the parcel to which he retains ownership, enabling the purchaser to have access to his property," *Bickel v. Hansen*, 169 Ariz. 371, 374 (App. 1991). In other words, an implied easement of necessity arises whenever land that is sold is inaccessible except by passing over the land of the grantor. 28A C.J.S. *Easements* § 96 (2020). To establish an implied easement of necessity, the asserting party must prove: "(1) unity of ownership of the dominant and servient estates; (2) severance thereof; (3) no outlet for the dominant property; and (4) showing that the reasonable necessity for access existed at the time of severance." *Coll. Book Ctrs.*, 225 Ariz. at 541, ¶ 30 (App. 2010) (citing *Bickel*, 169 Ariz. at 374).

**¶7**        The Christensens argue the superior court was mistaken in finding that land must be landlocked for an implied easement to exist. The Christensens, however, failed to show there is "no outlet for the dominant property." *See id.* Arizona case law supports the notion that this element effectively requires the parcel be landlocked and not directly accessible without trespassing onto another's property. *See id.* at 542, ¶¶ 31–32. Here, the Christensens have direct access to their property because their parcel abuts a public road, East Poland Road. Because plaintiffs seeking an implied way of necessity have the burden of satisfying all the elements, *see id.* at 541, ¶ 30 n.9, and the Christensens fail to show

there is no outlet to or from their property, we need not inquire into the final element. It follows, where the Christensens parcel is not landlocked and passing over the McEuens' land to access the Christensens' property is not necessary, an implied easement of necessity cannot exist.

*II.        Statutory Private Way of Necessity*

**¶8**        Arizona provides for a statutory right to take private property for private ways of necessity. *See* A.R.S. §§ 12-1201 to -1203. A person entitled to the beneficial use of land, "which is so situated with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity . . . may condemn and take lands of another . . . for the construction and maintenance of the private way of necessity." A.R.S. § 12-1202(A). Arizona courts have interpreted this statutory language as indicating "that only a party owning or having a beneficial use in land that is 'land-locked' may bring an action to condemn a private way of necessity across the land of another." *Solana Land Co. v. Murphy*, 69 Ariz. 117, 123 (1949); *see also Coll. Book Ctrs., Inc.*, 225 Ariz. at 543, ¶ 37. A landowner seeking to condemn a private way of necessity over the lands of another under this statute must show a "reasonable necessity" for the taking. *Solana Land Co.*, 69 Ariz. at 125. In determining whether a reasonable necessity exists, the court looks to whether there is an alternative legal route that is both adequate and reasonable. *Dabrowski v. Bartlett*, 246 Ariz. 504, 517, ¶ 44 (App. 2019). It is the burden of the party seeking a private way of necessity ("condemnor") to establish the absence of an adequate alternative outlet. *Siemsen v. Davis*, 196 Ariz. 411, 414, ¶ 11 (App. 2000).

**¶9**        While the condemnor need not show absolute necessity for a private taking, *Solana Land Co.*, 69 Ariz. at 125, the fact that a parcel is not landlocked will at least indicate that an alternative legal route exists. Here, the Christensens have failed to show that access to their property via East Poland Road is inadequate, particularly since their property has 700 feet of frontage to the road. The mere fact that it may be costly or inconvenient to construct a road on the Christensens' *own* property, in order to reach a preferred point of their parcel, does not support the condemnation of another's property. *See Bickel*, 169 Ariz. at 374 (observing that "a person's right not to have their property condemned . . . is constitutional and should

4

not be lightly regarded or swept away merely to serve convenience and advantage.")[1]

*III.        Easement Implied Upon Severance*

**¶10**        The elements of an easement implied on severance are: (1) the existence of a single tract of land arranged so that one portion derives a benefit from the other, division by a single owner into two or more parcels, and separation of title; (2) long, continued, obvious or manifest use before separation occurs, to a degree that shows permanency; and (3) use that is essential to the beneficial enjoyment of the parcel to be benefitted. *Koestel v. Buena Vista Pub. Serv. Corp.*, 138 Ariz. 578, 580 (App. 1984). It is the general rule that creation of an easement implied upon severance does not require absolute necessity but only a reasonable necessity. *Id.* at 581. Even so, to the extent the Christensens' use of the unimproved dirt roadway was essential to the beneficial enjoyment of the parcel, which is not clear to us, they lost any right to such access when the McEuens adversely blocked that access for more than ten years. *See Sabino Town & Country Ests. Ass'n v. Carr*, 186 Ariz. 146, 149 (App. 1996) (quoting *Busby v. State*, 2 Ariz. App. 451, 453, *judgment set aside and new trial order vacated*, 101 Ariz. 388, 392 (1966)) ("'An easement, whether acquired through grant, adverse use, or as an abutter's right, may be extinguished by the owner of the servient tenement by acts adverse to the exercise of the easement for the period required to give title to land by adverse possession,' i.e. ten years."); *see also* A.R.S. § 12-526.

**¶11**        It is undisputed that access to the unimproved dirt roadway located on the McEuens' property halted when the gate was locked, which at the very latest, occurred in July 2008. The Christensens first asserted their right to use the roadway in October 2018, which is more than ten years after the adverse acts by the servient estate began. Consequently, any right to the property, achieved under the easement implied upon severance doctrine,

[1] The Christensens also argue the superior court improperly considered letters by two civil engineers attached as exhibits to the McEuen's cross-motion for summary judgment. The letters addressed whether a new roadway could be built on the Christensen's parcel connecting to East Poland Road, as well as projected costs. The superior court specifically noted it did not consider the letters. On this record, the court could have reached its legal conclusions without considering the letters, particularly because the Christensens included a supplemental declaration addressing both the potential cost and ease of access to their property from East Poland Road.

was extinguished by adverse acts for the statutorily prescribed time. Accordingly, the Christensens' claim for an easement implied upon severance is time-barred.

*IV.*        *Attorneys' Fees and Costs*

**¶12**        Arizona statute provides that "a prevailing party in a quiet title action may recover attorneys' fees if, twenty days before bringing the action, he or she tendered five dollars with a request that the other party execute a quit claim deed, and the other party did not comply." *Cook v. Grebe*, 245 Ariz. 367, 369, ¶ 5 (App. 2018); *see* A.R.S. § 12-1103(B); *see also Lange v. Lotzer*, 151 Ariz. 260, 262 (App. 1986) ("The Arizona Legislature has expressly determined that only a prevailing party who follows certain prerequisites may recover attorney's fees in quiet title actions."). It is undisputed that the McEuens and the Christensens complied with § 12-1103(B). Because the McEuens prevailed in this action and gave the required notice of their intention to seek attorneys' fees and costs, they are entitled to recover such fees incurred on appeal. Arizona Rules of Civil Appellate Procedure, Rule 21(A).

**CONCLUSION**

**¶13**        For the foregoing reasons, we affirm the superior court's grant of summary judgment in favor of the McEuens. The McEuens are awarded their taxable costs and reasonable attorneys' fees on appeal.



AMY M. WOOD • Clerk of the Court
FILED:   AA

6