IN THE
# ARIZONA COURT OF APPEALS
### DIVISION TWO

-----

TODD UNDERWOOD, AN UNMARRIED MAN;
CHRISTOPHER BURMASTER,
*Plaintiffs/Appellants,*


*v.*


THOMAS WILCZYNSKI AND DANA WILCZYNSKI, HUSBAND AND WIFE; JANET A.
BEWLEY, IN HER CAPACITY AS TRUSTEE FOR THE JANET A. BEWLEY TRUST
DATED AUGUST 30, 2000,
*Defendants/Appellees.*


No. 2 CA-CV 2021-0077
Filed December 16, 2021

-----

Appeal from the Superior Court in Pinal County
No. S1100CV202000576
The Honorable Jason R. Holmberg, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

-----

COUNSEL


MacQueen & Gottlieb PLC, Phoenix
By Patrick R. MacQueen, Patrick T. Nackley, and Brandon P. Bodea
*Counsel for Plaintiffs/Appellants*

Fowler St. Clair PLLC, Scottsdale
By Brian C. Locker
*Counsel for Defendants/Appellees Thomas and Dana Wilczynski*

Schern Richardson Finter PLC, Mesa
By Aaron M. Finter
*Counsel for Defendant/Appellee Janet A. Bewley Trust*

---

**OPINION**

Presiding Judge Espinosa authored the opinion of the Court, in which Vice Chief Judge Staring and Judge Eckerstrom concurred.

---

E S P I N O S A, Presiding Judge:

¶1 Todd Underwood appeals from the trial court's entry of summary judgment in favor of his neighbors, Dana and Thomas Wilczynski (the "Wilczynskis") and the Janet A. Bewley Trust Dated August 30, 2000 ("the Trust"), arising from a dispute over the construction of a road on a portion of his property and the entry of judgment granting a broad easement for the disputed road. For the reasons that follow, we affirm the summary judgment ruling but vacate portions of the judgment and remand to the trial court for further proceedings.

**Factual and Procedural Background**

¶2 We view the facts, which are largely undisputed, in the light most favorable to Underwood, the party who opposed the summary judgment motion below. *See Keonjian v. Olcott*, 216 Ariz. 563, ¶ 2 (App. 2007). This appeal involves three parcels of residential land in Pinal County—owned by Underwood and his neighbors—which had originally been acquired from the federal government by land patents pursuant to the Small Tract Act, 43 U.S.C. §§ 682a through 682e (repealed 1976). The parcels are subject to thirty-three foot wide rights-of-way along their boundaries created by the federal land patents (FLP). The parcels to the east of Underwood's property were at one time a singular parcel that was later divided in two; the Wilczynskis own the parcel adjacent to the southern half of Underwood's property, and the Trust owns the parcel adjacent to the northern half of Underwood's property. While the Underwood and Trust parcels are accessible to the north by the east-west running East Forest Street, the Wilczynski property had no physical connection to that road until the Trust constructed a north-south running roadway, Holmes Road, along the border of Underwood's and the Trust's property providing physical access from the Wilczynski property to East Forest Street. Although the precise size and location of Holmes Road is disputed, it is a dirt road, eight to twelve feet wide, approximately centered on Underwood's eastern boundary and the Trust's and the Wilczynskis' western boundaries.

¶3        After Underwood sought to prevent the Wilczynskis' use of Holmes Road, the Wilczynskis sent a letter to Underwood asserting their interest in an easement over his property to allow access to their property by way of the FLP rights-of-way and an easement of necessity. They also began traversing Underwood's property for ingress and egress on Holmes Road. In April 2020, Underwood sued the Wilczynskis and the Trust, pleading claims for quiet title, declaratory relief, trespass, and trespass to chattels in relation to the construction and use of Holmes Road. The Wilczynskis denied that Underwood was entitled to relief on his claims and filed counterclaims to quiet title and for declaratory relief against Underwood.[1] The Trust likewise denied Underwood's claims.

¶4        The Trust and the Wilczynskis moved for summary judgment, arguing the FLP rights-of-way granted them the right to construct and utilize Holmes Road along the border of Underwood's property. In response, Underwood argued judgment should be entered in his favor because he claimed there was no evidence in the record that his property was subject to any easement as the defendants had failed to identify an FLP covering his property. He further argued the Wilczynski property was not landlocked because it had both an express easement and an implied easement of necessity across the Trust property.[2]

¶5        After a hearing, the trial court granted summary judgment to the Wilczynskis and the Trust. The court reasoned that based on *Bernal v. Loeks*, 196 Ariz. 363 (App. 2000), and *Neal v. Brown*, 219 Ariz. 14 (App. 2008), the Wilczynskis had established the need to use the FLP right-of-way because they "do not have an existing roadway" to access their property. The court entered a final judgment, and Underwood appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1).[3]

---

[1]The Wilczynskis also asserted a negligence cross-claim against the Trust, which was later dismissed with prejudice by stipulation.

[2]Underwood argued the express easement was created by the FLP reserving a thirty-three foot wide right-of-way along the border of the Trust property and the implied easement of necessity was created when the one large parcel was divided into what is now the Trust and Wilczynski parcels.

[3]The Wilczysnkis argue as an initial matter that we should dismiss this appeal as moot because while the appeal was pending, Underwood sold the property at issue. Because the purchaser of the Underwood property has been substituted into the appeal, however, we decline to

**Discussion**

¶6 Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). In reviewing a grant of summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law. *Neal*, 219 Ariz. 14, ¶ 11.

**Wilczynskis' Entitlement to Underwood Right-of-Way**

¶7 Underwood first claims the trial court erred in concluding the Wilczynskis were entitled to enforce the easement across his property because his neighbors "already possessed a legal ingress/egress easement." Specifically, Underwood maintains "an implied way of necessity arose as a matter of law" when "the Wilczynski property was severed from the common ownership of the Trust property in March of 1997 because no recorded access existed at that time." We disagree.

¶8 The elements of an implied way of necessity are: (1) common ownership of the dominant and servient estate; (2) severance; (3) no outlet for the dominant estate at the time of severance; and (4) reasonable necessity for access when severance occurred. *Coll. Book Ctrs., Inc. v. Carefree Foothills Homeowners' Ass'n*, 225 Ariz. 533, ¶ 30 (App. 2010). Thus, "a way of necessity can be implied only when the necessity existed at the time of the original severance of the estates." *Bickel v. Hansen*, 169 Ariz. 371, 374 (App. 1991). Contrary to Underwood's argument, the Wilczynski parcel was not landlocked when severance occurred because it had an outlet by way of the recorded FLP rights-of-way over the Trust and Underwood properties. Thus, no implied way of necessity arose over the Trust parcel in 1997.[4]

---

dismiss it. *See* Ariz. R. Civ. App. P. 27(b) (providing for substitution of party). And for consistency with the record and clarity, we will continue to use "Underwood" in referring to the property and the appellant.

[4] Underwood repeatedly asserts, with no citation to relevant supporting authority, that "the determination of whether an implied way of necessity arises must precede an analysis of whether the private right of enforcement [through the FLP easements] exists." However, the FLP easements were recorded in 1956 and 1958—long before the Trust and Wilczynski parcels were severed—and we therefore disagree that, on these facts, the implied-way-of-necessity analysis must precede the private-right-

¶9　　　　　Underwood next contends the trial court erred by applying *Bernal* instead of *Neal* to his case. In *Bernal*, this court determined that private parties could enforce the easements reserved in parcels acquired from the federal government by land patents pursuant to the Small Tract Act, even if the state or local governments had not yet constructed roadways. 196 Ariz. 363, ¶¶ 2, 5, 11. *Neal* addressed whether the private enforcement right recognized in *Bernal* extended to a parcel owner who already had an adequate roadway to access his property. *Neal*, 219 Ariz. 14, ¶ 1. We concluded that "easement rights conveyed by the federal land patents pursuant to the [Small Tract] Act are not unconditional private rights of ingress and egress" but are "circumscribed by their purposes, which . . . are 'to provide street and utility access and to alleviate the burden on local governments to acquire easements to install roads and utilities.'" *Id.* ¶ 18. Because the clear intent of the reserved right-of-way in the FLP was to ensure adequate roadway access and not to create a right in nearby parcel owners to traverse a neighbor's property regardless of actual need, *id.*, we determined that neighboring property owners were not entitled to enforce the right-of-way over the defendant's property where an adequate roadway already existed, *id.* ¶ 23.

¶10　　　　　In granting summary judgment for the Trust and Wilczynskis, the trial court found that, unlike the neighbors in *Neal*, the Wilczynskis "do not have an existing roadway" and had therefore established the need to use the FLP easements to access their property. Underwood disputes that conclusion as incorrect because the Wilczynskis have adequate legal ingress and egress through the Trust's FLP easement and they should therefore not be permitted to enforce the FLP easement across his property. But nothing in *Neal* supports his argument. As noted above, *Neal* dealt with whether neighbors could privately enforce the FLP easement against another property when they already had adequate physical—not simply legal—access. *Id.* ¶ 17. Underwood nevertheless asks us to extend *Neal* to conclude that because the Wilczynskis have alternate legal access to their property by way of the Trust parcel's FLP easement, they have no need to use the FLP easement across his property. As the

of-enforcement determination. We similarly reject Underwood's unsupported argument that "[t]o the extent the lot split . . . did not create an implied way of necessity," the Wilczynskis and the Trust should be "equitably bound" to first seek placement of a driveway access on the Trust property rather than his. *See Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, ¶ 50 (App. 1998) (rejecting assertions made "without supporting argument or citation of authority").

Trust pointed out below, however, such an extension would require courts to determine priority among essentially identical FLP easements that were originally reserved to allow governments to create a system of adequate roadway access. *See id.* ¶ 18. We conclude the court did not err in determining the Wilczynskis have the right to use the FLP easement on the Underwood property and granting summary judgment to the Wilczynskis and the Trust on Underwood's claims.

**Entry of Judgment**

¶11 Underwood also argues the trial court made various errors in the judgment entered against him. The relevant portion of the judgment is as follows:

> 1.  Title to that . . . certain easement over a portion of real property located on [Underwood's property], legally described in Exhibit A and illustrated in Exhibit B, is quieted in favor of the Defendants and their right to use such land for "roadway and public utilities purposes . . . along the boundaries of said land."
>
> 2.  It is declared and adjudicated that:
>
>     a.  Defendants hold a dominant estate in the Easement for the purposes of ingress and egress with a superior right, title, estate, claim and interest to the Easement than that of Plaintiff.
>
>     b.  Plaintiff is estopped from preventing Defendants, or any other person, from utilizing the Easement for ingress and egress.

¶12 Exhibit A and Exhibit B together depict a thirty-three foot wide easement along the entire northern and eastern borders of Underwood's parcel. We agree with Underwood that such a grant exceeds the amount of land the Wilczynskis had proven was "actually necessary" for ingress and egress.

¶13 The Trust acknowledges that it and the Wilczynskis "were not seeking an easement over the entire thirty-three" foot width, but only the

amount needed for Holmes Road. And the Wilczynskis acknowledge "if [they] were to try and pave a 66-foot wide road over the entirety" of the FLP easement, "the current owner of the Underwood Property would likely have a viable action to restrict such a use," but they assert "this is a remedy that should be left for a future date when Underwood [or a future owner] can actually argue that the use . . . is unreasonable." Contrary to the Wilczynskis' and the Trust's arguments regarding their intended use of the easement, however, the language of the judgment here purports to grant them entitlement to a wider area than they had shown was necessary, a limitation we set forth in *Neal* construing the same FLP right-of-way language.[5] *See id.* ¶ 19. Accordingly, we vacate the portion of the judgment entitling the Wilczynskis to the entirety of the FLP right-of-way and remand for the trial court to determine the proper scope of the Wilczynskis' entitlement.

¶14 Additionally, the judgment declares generally that "Defendants," defined as the Wilczynskis and the Trust collectively, "hold a dominant estate in the Easement" when there had been no finding that the Trust was entitled to use the FLP easement given its direct access to East Forest Road.[6] We also agree with Underwood that the judgment's reference to "any other person" is "unreasonably broad" and essentially makes his property "a public roadway for which anyone may traverse, irrespective of

---

[5] We recognize that the dissent in *Neal* criticized such a limitation, *see id.* ¶¶ 24-45 (Snow, J., dissenting), but no party in this case has mentioned that dissent let alone urged us to adopt it or otherwise disagree with the majority analysis. *See Neil B. McGinnis Equip. Co. v. Henson*, 2 Ariz. App. 59, 62 (1965) ("When we disagree with a prior decision of our Court . . . we should do so only upon the most cogent of reasons being presented."); *State v. Robertson*, 249 Ariz. 256, ¶ 9 (2020) (appellate courts should avoid deciding cases with no research assistance or analytical input from parties).

[6] The trial court's ruling stated "the defendants have established the need to use the . . . easement to access their property and do not have an existing roadway." Because the ruling designates the Wilczynskis as "Defendants" but also identifies the Trust as "Defendants," it is ambiguous whether the court actually found or intended to find that the Trust "established the need to use the . . . easement." To the extent such a finding was made, we vacate it as contrary to the record—it was undisputed the Trust has access to its property via East Forest Street. *See Mohave Elec. Coop., Inc. v. Byers*, 189 Ariz. 292, 308 (App. 1997) ("A trial court's general factual conclusions are reversed if they are clearly erroneous.").

what parcel of land they are travelling to," in contravention of *Neal*. *See id.* ¶ 18 (rejecting argument that neighbors "are entitled to use the easement regardless whether they can conveniently access their properties without it" and concluding purpose of FLP easement "was not to create a right in nearby parcel owners to traverse a neighbor's property regardless of actual need"). Accordingly, those portions of the judgment are vacated as well.

**¶15** Finally, we agree with Underwood that the judgment's statement that the Wilczynskis and the Trust have "a superior right, title, estate, claim and interest to the Easement than that of [Underwood]" is also incorrect and must be vacated. *See A Tumbling-T Ranches v. Flood Control Dist. of Maricopa Cnty.*, 222 Ariz. 515, ¶ 87 (App. 2009) (easement does not alter legal title to property except as to the limited character of the easement); *Smith v. Beesley*, 226 Ariz. 313, ¶¶ 17, 19 (App. 2011) (although use of servient estate may not impair use of easement, servient estate holder entitled to "other compatible uses of the land"); *Hunt v. Richardson*, 216 Ariz. 114, ¶ 21 (App. 2007) ("Unless barred by the terms of the easement, the servient estate owner 'is entitled to make any use of the servient estate that does not unreasonably interfere with enjoyment of the servitude.'" (quoting Restatement (Third) of Property: Servitudes § 4.9 (2000))). Neither the Wilczynskis nor the Trust adequately addressed this argument in their answering briefs, which we deem a confession of error.[7] *See In re 1996 Nissan Sentra*, 201 Ariz. 114, ¶ 7 (App. 2001).

### Attorney Fees and Costs on Appeal

**¶16** Underwood requests his attorney fees on appeal pursuant to A.R.S. § 12-1103(B), which permits their recovery when prevailing parties have met certain prerequisites in seeking to quiet title. Underwood, however, is not entitled to recover his attorney fees here because he did not prevail on his quiet title claim. *See Cook v. Grebe*, 245 Ariz. 367, ¶¶ 5, 8 (App. 2018) (prevailing party who follows prerequisites may recover attorney fees in quiet title actions but determination of who is prevailing party "turns on whether a party successfully quieted title").

---

[7]We disagree, however, with Underwood's further contention that the judgment granted the Wilczynskis and the Trust title to his property. He apparently misreads that portion of the judgment, which, as noted above, quiets "[t]itle to that . . . certain easement" in favor of the Wilczynskis and the Trust.

¶17         The Wilczynskis too request their attorney fees and costs on appeal, and the Trust requests its costs.  Because the Wilczynskis have not cited any substantive basis for a fee award, only citing Rule 21, Ariz. R. Civ. App. P., we deny their request for attorney fees.  *See* Ariz. R. Civ. App. P. 21(a)(2) (claim for attorney fees must specifically state "the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees"; this rule "only establishes the procedure for claiming attorneys' fees and does not create any substantive right to them").  However, as substantially prevailing on appeal, both the Wilczynskis and the Trust are granted their costs, upon compliance with Rule 21.  *See* A.R.S. § 12-341.

**Disposition**

¶18         The trial court's summary judgment ruling is affirmed; however, portions of the subsequent judgment as specified herein are vacated, and we remand to the trial court for further proceedings consistent with this opinion.